UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

BRUCE CRAIGIE and
BARBARA CRAIGIE,

       Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC,
a limited liability company, and
JOHN DOES 1-5,

       Defendants.

Case No. 1:15-cv-00441

Hon. Janet T. Neff

---

| | |
|---|---|
| Theodore J. Westbrook (P70834) | Elisa J. Lintemuth (P74498) |
| Amanda P. Narvaes (P74957) | **DYKEMA GOSSETT PLLC** |
| **DREW, COOPER & ANDING, P.C.** | Attorneys for Defendant |
| Attorneys for Plaintiffs | Nationstar Mortgage, LLC |
| Aldrich Place, Suite 200 | 300 Ottawa Avenue NW |
| 80 Ottawa Avenue NW | Grand Rapids, MI 49503 |
| Grand Rapids, MI 49503 | (616) 776-7500 |
| (616) 454-8300 | |

---

**BRIEF IN SUPPORT OF MOTION TO COMPEL**

## INTRODUCTION

Plaintiffs Bruce and Barbara Craigie ("Plaintiffs" or the "Craigies") filed suit against Defendant Nationstar Mortgage, LLC ("Nationstar") due to Nationstar's numerous deceptive, unconscionable and unlawful acts which resulted in the foreclosure sales of two properties: 1625 Lake Drive SE, East Grand Rapids, Michigan ("Lake Drive") and 2985 Scenic Drive, Fruitland Township, Michigan ("Scenic Drive"). Nationstar's acts resulted in the foreclosure and sheriff's sale of the Craigies' home on Lake Drive, even as a modification was purportedly being considered and during a period in which Nationstar had promised that no sheriff's sale would take place.  Nationstar continued its false and deceptive statements regarding the possibility of a modification even subsequent to the sheriff's sale, effectively running out the clock on Plaintiffs' ability to redeem the property. Through their discovery requests, the Craigies seek information that will establish Nationstar's policy, pattern, and/or practice of actions that: (1) violate the Real Estate Settlement Procedures Act ("RESPA"); (2) violate the standards set for the collection of debts by the Fair Debt Collection Practice Act ("FDCPA"); and (3) violate similar Michigan statutes.  Nationstar has refused to divulge such information, despite its relevance to the claims and defenses in this lawsuit.

## PROCEDURAL HISTORY

Plaintiffs served their First Set of Discovery Requests to Defendant Nationstar Mortgage, LLC ("First Set of Discovery Requests") on August 11, 2015.  (Ex. 1.)  Pursuant to two courtesy extensions granted by the Craigies, Nationstar responded 51 days after service of the requests, at 4:00 p.m. on Friday, October 2, 2015.  (Ex. 2.)  The responses contained boilerplate objections, and were accompanied by a small production of documents constituting a fraction of the responsive documents.  Despite the invocation of the attorney-client privilege in response to

several written discovery requests, Nationstar produced no privilege log and failed to seek a protective order.  Nationstar failed to answer a single interrogatory with anything other than obfuscatory objections and an indication that the documents speak for themselves. Yet Nationstar's meager production of documents gives Plaintiffs reason to believe that Nationstar's two requests for extension of time to respond were an intentional effort at stalling the progress in this case.  After Plaintiffs evaluated the responses and determined them to be unacceptable, counsel for Plaintiffs held a forty-five minute teleconference with counsel for Nationstar on October 13, 2015, and additional telephone conferences and email communications, explaining in detail how the responses provided were insufficient. Despite Plaintiffs' best efforts at narrowing this discovery dispute without the Court's intervention, Nationstar has refused to meaningfully supplement its document production or provide any further responses to the interrogatories, making this motion to compel necessary.

## ARGUMENT

### I.    LEGAL STANDARD.

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond, fails to allow inspection, or where the opposing party's disclosure or response is evasive or incomplete.  Under Fed. R. Civ. P. 26(b), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense …. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Accord. Surles ex. rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).   The scope of discovery is broad and not limited to admissible evidence, but "encompasses any matter, not privileged, which is relevant to the subject matter involved in the

pending action." *Coleman v. American Red Cross,* 23 F.3d 1091, 1097 (6th Cir. 1994) (quoting *Marshall v. Bramer*, 828 F.2d 355, 357-58 (6th Cir. 1987)).  A court abuses its discretion if it denies a motion to compel production of arguably relevant evidence on the basis that such evidence would be "speculative." *Id.*  "Relevance" has been interpreted broadly under Rule 26, "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 350-52 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)).

II.   **NATIONSTAR'S FAILURE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS WARRANTS AN ORDER COMPELLING PRODUCTION OF DOCUMENTS AND INFORMATION.**

   A.   **Nationstar's General Objections Demonstrate its Reticence to Comply with its Obligations Under the Federal Rules of Civil Procedure.**

Courts disfavor general objections like the ones posed by Nationstar at the beginning of its responses.  See, e.g., *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits.").  Nationstar's general objections demonstrate its unwillingness to voluntarily comply with its discovery obligations under the Federal Rules of Civil Procedure.

Nationstar's General Objection No. 5 states:

> …Any response by Nationstar that it will produce documents should not be construed to mean that such documents necessarily exist; instead, any such response should be understood to mean only that Nationstar will endeavor, consistent with its obligations under the Federal Rules of Civil Procedure, to locate such documents if they exist and, if any such documents are located, they will be produced in accordance with Nationstar's obligations under the Federal Rules of Civil Procedure and consistent with the terms of its answers.

(Ex. 2, p. 2.)  Nationstar's General Objection No. 5 ignores its obligation to respond to Plaintiffs' First Set of Discovery Requests with actual documents.  For instance, Nationstar answered half

of Plaintiffs' interrogatories by stating objections and then reciting that it would produce documents under Rule 33(d).   On October 5, 2015—the next business day after receiving Nationstar's responses—counsel for Plaintiffs sent an email requesting inspection of those documents and offering several potential dates.   On October 30, 2015, counsel for Plaintiffs sent Nationstar's counsel a second email, requesting the scheduling of a reasonable date and location for the inspection of documents.   As of this writing, however, Nationstar has failed to offer Plaintiffs any inspection date.   And if its General Objection No. 5 is taken at face value, Nationstar may have no intention of producing documents pursuant to Rule 33(d).   This is directly contrary to the discovery requirements of the Federal Rules of Civil Procedure.   *See Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by filing misleading or evasive responses, or by failing to examine records within its control."). Plaintiffs request that this Court overrule Nationstar's General Objection No. 5 and compel Nationstar to answer all of the interrogatories at issue with written responses rather than allowing Nationstar to rely on a blanket, general reference to Rule 33(d).

Nationstar's General Objection No. 7 states, "Nationstar objects to Plaintiff's requests to the extent that the documents are already in Plaintiff's possession." Where a company such as Nationstar has control of responsive documents, and as a policy maintains files and documents, the onus should be on that company to produce documents as requested.   To the extent that a defendant objects that certain requests seek information equally available to plaintiff, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (quoting *St. Paul Reinsurance Co., Ltd., CAN v. Commercial Fin. Corp.*, 198 F.R.D.

508, 514 (N.D. Iowa 2000)). *See also Petruska v. Johns-Manville*, 83 F.R.D. 32, 35 (E.D. Pa. 1979) ("it is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'") (quoting 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE, Civil § 2014 at 111). Therefore, Plaintiffs request this Court overrule Nationstar's General Objection No. 7 and compel Nationstar to respond in full to the interrogatories and requests for production discussed below.

> ### B.     Nationstar's Refusal to Identify Communications, Employees and Agents in Response to Interrogatories Thwarts Plaintiffs' Ability to Take Depositions and Violates Fed. R. Civ. P. 33.

Through their written discovery requests, Plaintiffs sought identification of Nationstar's employees and agents who may have information leading to the discovery of admissible evidence. Nationstar has thwarted the Craigies' goal in this regard, through its objections and limited responses to Interrogatory Nos. 2, 3, 4, 5, and 7 (emphasis added):

> Interrogatory No. 2: List ***each instance of contact between Nationstar and Bruce or Barbara Craigie***, and state the following: (1) the type of contact (e.g., telephone, email, letter, fax, statement); (2) ***the date of contact***; (3) if a fax, email or telephone contact, the time of the contact; (4) the party initiating the contact; (5) ***the name and title of the contact person***; and (6) a brief description of the content of the contact.

> Nationstar responded: Nationstar objects because this request seeks information not relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because: (a) this request seeks information related to all of Plaintiffs loans serviced by Nationstar when this lawsuit is limited to the Scenic Drive Loan and Mortgage and the Lake Drive Loan and Mortgage; (b) this request seeks information related to the entire history of the Loans and Mortgages when the parties' dispute is limited to a fixed time period; and (c) this request seeks information related to each and every action related to the Loans and Mortgages despite the fact that Plaintiffs' claims in this lawsuit are limited to issues related to whether a borrower's signature was forged and loss mitigation. Nationstar objects to this request because it is overly broad and unduly burdensome for these same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the servicing notes for the Loans and Mortgages and to the

5

correspondence produced in connection with its responses to Plaintiffs' Requests for Production, which Nationstar is producing pursuant to FRCP 33(d).

Interrogatory No. 3: ***List each instance of contact between Nationstar and any third party*** other than its present counsel of record, and state the following: (1) the type of contact (e.g., telephone, email, letter, fax, statement); (2) the date of contact; (3) if a fax, email or telephone contact, the time of the contact; (4) the party initiating the contact; (5) the name and title of the contact person; (6) the purpose for the contact; and (7) a brief description of the content of the contact, ***where such contact referenced or related in any way to any Modification Requests, either or both Foreclosures, the servicing of either Mortgage Loan, or either or both Plaintiffs***.

Nationstar responded: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome, including without limitation because: (a) this request seeks information related to all of Plaintiffs loans serviced by Nationstar when this lawsuit is limited to the Scenic Drive Loan and Mortgage and the Lake Drive Loan and Mortgage; (b) this request seeks information related to the entire history of the Loans and Mortgages when the parties' dispute is limited to a fixed time period; and (c) this request seeks information related to each and every action related to the Loans and Mortgages despite the fact that Plaintiffs' claims in this lawsuit are limited to issues related to whether a borrower's signature was forged and loss mitigation. Nationstar objects to this request because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the servicing notes for the Loans and Mortgages and to the correspondence produced in connection with its responses to Plaintiffs' Requests for Production, which Nationstar is producing pursuant to FRCP 33(d).

Interrogatory No. 4: Identify by name, title, job responsibility, job duty location, last known address and last known phone number, ***each Nationstar employee who:*** (1) had contact with either Plaintiff in connection with the Mortgage Loans; (2) had responsibility for the Mortgage Loan files; (3) had involvement in the receipt, handling, processing and/or decision-making regarding Plaintiffs' Modification Requests; (4) had involvement in the handling, processing and/or decision-making regarding either or both Foreclosures; or (5) ***had responsibility for review of Nationstar's files regarding the Mortgage Loans and/or the Plaintiffs***.

Nationstar responded: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome objects [sic] and the request seeks information not relevant to the subject matter of the litigation

nor [sic] reasonably calculated to lead to the discovery of admissible evidence, including without limitation because the request seeks information related to the entire history for the Loans and Mortgages and is not limited in time or to the specific disputes at issue in the complaint. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the servicing notes for the Loans and Mortgages and to the correspondence produced in connection with its responses to Plaintiffs' Requests for Production, which Nationstar is producing pursuant to FRCP 33(d).

Interrogatory No. 5:  *Identify by name, company (if applicable), title, address, phone number, and relationship with Nationstar, each agent of Nationstar*, other than direct Nationstar employees, *who had involvement in the receipt, handling, processing and/or decision-making regarding Plaintiffs' Modification Requests*; had involvement in the handling, processing and/or decision-making regarding either or both Foreclosures; *had responsibility for review of Nationstar's files regarding the Mortgage Loans and/or the Plaintiffs*; or had involvement in any sale or attempted sale of the Lake Drive property, including the completed sale to Ryan G. Dykstra.

Nationstar responded: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome objects [sic] and the request seeks information not relevant to the subject matter of the litigation nor [sic] reasonably calculated to lead to the discovery of admissible evidence, including without limitation because the request seeks information related to the entire history for the Loans and Mortgages and is not limited in time or to the specific disputes at issue in the complaint (i.e., whether a borrower's signature was forged and loss mitigation disputes). Nationstar objects to this request because it is overly broad and unduly burdensome for these same reasons. Nationstar further objects because this request calls for a legal conclusion as to which individuals or entities were "agents" of Nationstar. Without waiving the foregoing objections or the General Objections, Nationstar states that the foreclosure of the Lake Drive Mortgage was conducted by foreclosure counsel for Nationstar, Trott Law, P.C., and that the foreclosure of the Scenic Drive Mortgage was conducted by foreclosure counsel for Nationstar, Schneiderman & Sherman, P.C. In addition, Homesearch.com assisted with the auction of the Lake Drive Property following the sheriff's sale.

Interrogatory No. 7: *Identify by company name and business address* each entity which currently possesses any of the original Mortgage Loan documents, including the mortgages, the notes and any and all closing documents relating to the Mortgage Loans.

Nationstar responded: Nationstar objects to this request because it is vague in its use of the term "closing documents." Nationstar further objects because this request is overbroad as it seeks all original documents related to the Mortgages or

> Loans and is not limited to the disputes at issue in this lawsuit (i.e., whether a borrower's signature was forged and loss mitigation disputes). This request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar states that US Bank Corporate Trust Services is the custodian of the original notes and mortgages for the Lake Drive Loan and Mortgage and the Scenic Drive Loan and Mortgage; Nationstar also has copies of the origination files for the Lake Drive Loan and Mortgage and the Scenic Drive Loan and Mortgage which it is producing herewith.

Although Nationstar alleged that these interrogatories are beyond the subject matter of the claims and defenses in this case, Interrogatory Nos. 3, 4, 5, and 7 are limited in scope by defined terms to the two properties at issue in this case.[1]  And while Nationstar raised an objection based on the attorney-client privilege in response to Interrogatory Nos. 3, 4, and 5, it was only asserted "to the extent" that it applied, which is improper—*if* the privilege exists, the party asserting it must provide a privilege log.  *See Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354 (D. Md. 2008) (courts disapprove of a general objection asserted "to the extent" that it applies); Fed. R. Civ. P. 26(b)(5)(A) requires a party claiming the privilege to "describe the nature" of the putatively privileged document in a manner that "will enable other parties to assess the claim."

The objections made by Nationstar in response to Interrogatory No. 7 are absurd. One of the largest mortgage servicers in the country cannot be confused by the mortgage term "closing documents" as used in Interrogatory No. 7.  And Interrogatory No. 7 does not seek "all original documents related to the Mortgages or Loans" as claimed by Nationstar in its response.  Rather, the interrogatory seeks identification of companies who currently possess the original Mortgage Loan documents.  The answer to this question is reasonably calculated to lead to the discovery of

---

[1] *See* Ex. 1 at p. 3. "Modification Requests" is defined as any request or attempt by the Plaintiffs or their agents to secure a modification of either of the Mortgage Loans. "Mortgage Loan(s)" is defined as the Mortgages, Notes and related closing Documents executed in April, 2006 for refinancing of the Lake Drive and the Scenic Drive properties. "Foreclosures" is defined as the process, including procedures leading up to, and following the completion of the sheriff's sales of the Lake Drive and the Scenic Drive properties.

admissible evidence because the original Mortgage Loan documents are both relevant to the allegations of forgery and will be admissible in trial, and Nationstar should be compelled to fully answer the interrogatory by providing the names of any other companies that were not named, and by providing the address of U.S. Bank Corporate Trust Services.

Interrogatory Nos. 2, 3, 4, and 5 seek information that is reasonably calculated to lead to the discovery of admissible evidence. Interrogatory Nos. 2 and 3 seek a list of contacts with the Plaintiffs by Nationstar employees or agents, and the names and addresses of either individuals or companies who had contacts with Plaintiffs related in any way to any Modification Requests, either or both Foreclosures, or the servicing of either Mortgage Loan. These contacts are important to Plaintiffs' claims in this case, because Plaintiffs: (1) have asserted a claim under the FDCPA alleging deceptive and unfair conduct in attempts to collect a debt by Nationstar; and (2) seek to establish a pattern of misconduct by Nationstar. Plaintiffs require the contact information for each and every contact, as requested. Contacts with regard to payments are relevant, as are the dates of each contact, because such information is necessary to prove that Nationstar was indeed "dual tracking" the loans and making misrepresentations to Plaintiffs.

In addition to the obligation to answer interrogatories, Nationstar also had an affirmative obligation under Fed. R. Civ. P. 26(a), without waiting for a request or order to do so, to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Not only did Nationstar refuse to identify employees and agents in response to the Craigies' Interrogatory Nos. 2, 3, 4, and 5, Nationstar has also concealed the identity of individual defendants and witnesses in violation of Rule 26 by failing to list the names of *any* individual Nationstar

employees or agents in its Rule 26(a) disclosures.  (Ex. 3.)  This failure has left Plaintiffs with no way to take depositions and no way to ask questions of any individual employees or agents of Nationstar who handled the servicing of the Lake Drive or Scenic Drive Loans. Nationstar should be ordered to immediately produce complete responses to Interrogatory Nos. 2, 3, 4, 5, and 7.

###### C.      None of Plaintiffs' Requests Will Cause Nationstar an Undue Burden.

In response to Plaintiffs' written discovery requests, Nationstar made multiple general objections stating that answering the interrogatories and producing documents as requested would be unduly burdensome. For instance, Plaintiff's Interrogatory No. 8 requested that Nationstar: "Identify by caption name, case number, court and filing year each lawsuit filed between 2013 and the present in which Nationstar is or has been a defendant."  Nationstar responded:

> Nationstar objects to this request because it is overly broad, and unduly burdensome in that it seeks information related to any lawsuit filed in an over two-year period by any individual or entity regarding any claim against Nationstar (which services mortgage loan accounts for numerous customers nationwide). For the same reasons, Nationstar objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence. This request has no relationship to the Plaintiffs, Plaintiffs' Loans or the Mortgages at issue in this lawsuit. [Ex. 2, p. 9.]

Nationstar's objection on the basis of undue burden in response to Interrogatory No. 8 does not actually convey any information necessary for a court to determine how the response would be unduly burdensome. If Nationstar showed that there were hundreds of such cases, perhaps the response would be unduly burdensome. As it stands, however, the objection is insufficient. And, as discussed in further detail below, Nationstar's relevancy objection also fails because one of the goals of Plaintiffs asserting RESPA claims is to show a pattern, policy, or practice of violations.

In addition to Nationstar's objections on the basis of undue burden in response to Interrogatory Nos. 2, 3, 5, and 8, Nationstar also objected on the basis of undue burden to Requests for Production Nos. 5, 6, 7, 8, 9, 14, and 15.  Nationstar's responses to those Requests were as follows (emphasis added):

> Request for Production No. 5: ***Produce any and all documents relating in any way to either or both of the Foreclosures***, including but not limited to any and all documents evidencing, referencing or relating to any notice of sheriff's sale, postponement of sheriff's sale or rescission of sheriff's sale.
>
> Nationstar's Response: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.
>
> Request for Production No. 6: Produce any and all documents received by Nationstar from the Consumer Financial Protection Bureau in connection with: (1) Barbara Craigie, Bruce Craigie and/or any mortgage loan associated with Plaintiffs; and (2) complaints by any other borrower against whom Nationstar instituted or carried out foreclosure proceedings during the pendency of a modification request.
>
> Nationstar's Response: Nationstar objects to this request because it is overly broad and unduly burdensome as it is not limited to the Loans and Mortgages at issue in this lawsuit and is not limited to the disputes at issue in this lawsuit. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.
>
> Request for Production No. 7: ***Produce any and all correspondence, including email correspondence, with or regarding Plaintiffs***.
>
> Nationstar's Response: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome because (a) this request seeks documents related to all of Plaintiffs loans serviced by Nationstar when this lawsuit is limited to the Scenic Drive Loan and Mortgage and the Lake Drive Loan and Mortgage; (b) this request seeks documents from the entire history of the Loans and Mortgages when the parties' dispute is limited to a fixed time period; and (c) this request seeks documents related to each and every

correspondence related to the Loans and Mortgages despite the fact that Plaintiffs' claims in this lawsuit are limited to issues related to whether a borrower's signature was forged and loss mitigation. Nationstar further objects because this request seeks information not relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

<u>Request for Production No. 8</u>: ***Produce any and all correspondence,*** including email correspondence, ***regarding either or both of the Foreclosures and/or either or both of the Mortgage Loans.***

<u>Nationstar's Response</u>: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome because it is not limited in time or scope to the relevant issues in Plaintiffs' Complaint. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

<u>Request for Production No. 9</u>: ***Produce any and all servicing agreements regarding the Mortgage Loans.***

<u>Nationstar's Response</u>: Nationstar objects to this request because it is overly broad, unduly burdensome, and vague in its use of the term "servicing agreements." Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because Plaintiffs lack standing to challenge Nationstar's compliance with these agreement [sic]; as such the content of those third-party agreements has no impact on Plaintiffs' claims. Nationstar also objects to this request because the terms of its agreements with any third parties contains confidential propriety [sic] and trade secret information.

<u>Request for Production No. 14</u>: ***Produce any and all documents which comprise*** or relate to ***Nationstar's policies and/or procedures***, in place during the years 2011-2014, ***for processing mortgage loan modification requests***.

<u>Nationstar's Response</u>: Nationstar objects to this request because it is overly broad, vague, and unduly burdensome. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence; Plaintiffs lack standing to challenge Nationstar's compliance with its own internal procedures. Moreover, Nationstar objects to this request, which seeks disclosure

of confidential and proprietary information, which also constitutes trade secrets of Nationstar.

Request for Production No. 15:  ***Produce any and all documents which comprise*** or relate to ***Nationstar's policies and/or procedures,*** in place during the years 2011-2014, ***for handling mortgage loan foreclosures***, including but not limited to such policies and/or procedures regarding handling sheriff's sales.

Nationstar's Response:  Nationstar objects to this request because it is overly broad, vague, and unduly burdensome. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nationstar objects to this request, which seeks disclosure of confidential and proprietary information, which also constitutes trade secrets of Nationstar.

Nationstar has failed to even suggest a reason why production of written responses and documents would be unduly burdensome. "A general statement that discovery is unduly burdensome, without more, is simply not enough to prohibit discovery of otherwise relevant information." *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008).  Rather, "[t]he objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).  In the instant case, Nationstar has offered no affidavit or explanation as to how each discovery request is burdensome or oppressive. It would ***not*** be difficult or oppressive for Nationstar to examine its own files and create lists of contacts and agents in response to Plaintiffs' interrogatories. It would ***not*** be difficult for Nationstar to make a list of lawsuits in which it has been named a defendant from 2013 to the present. And it would ***not*** be overly burdensome for Nationstar to electronically produce documents that it ostensibly ***already stores in electronic format***. Nationstar could easily

pull and produce the entire file for Lake Drive and Scenic Drive.[2] Therefore, this Court should overrule Nationstar's objection of burdensomeness and enter an order compelling full responses to Interrogatory Nos. 2-5, 7, and 8, and Requests for Production Nos. 5-9, and 14-16.

**D.      The Craigies' Written Discovery Requests are Relevant and Reasonable in Scope.**

"For discovery purposes relevant means information that is probative of a party's claim or defense and information that the Court determines could 'lead to the discovery of admissible evidence.'" Fed. R. Civ. P. 26(b)(1); *John B. v. Goetz*, 879 F. Supp. 2d 787, 860 (M.D. Tenn. 2010).   Nationstar made a relevance objection to almost every single request propounded by Plaintiffs.  For purposes of this Motion, however, the Plaintiffs direct the Court's attention to the relevance objections made to Interrogatory Nos. 2-5 and 7-8, and Requests for Production Nos. 2, 7-11, and 14-16. (See above and Ex. 2.)  By way of example, Nationstar made a relevance objection to Request for Production No. 2 as follows:

> Request for Production No. 2: Produce the original Mortgage Loan documents, including the Mortgages, Notes, and all closing documents relating to the Mortgage Loan.

> Nationstar's Response: Nationstar objects to this request because it is vague in its use of the term "closing documents." Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence as the disputes in this lawsuit are limited (i.e., whether a borrower's signature was forged and loss mitigation disputes).  Without waiving the foregoing objections or the General Objections, Nationstar will produce the original notes and Mortgages for the Lake Drive Loan and the Scenic Drive Loan for inspection at a mutually agreeable time and place, and will produce copies of the origination files for the Loans and Mortgages.

---

[2] The additional three properties referenced by Request for Production of Documents No. 3(b), (c), and (d) were not serviced by Nationstar. Therefore, Plaintiffs are withdrawing their request for documents relating to those properties. In addition, this means all of the interrogatories and requests for production of documents asking for information *related to the Craigies* are not overbroad or unduly burdensome, as such requests are necessarily limited in scope to Lake Drive and Scenic Drive

Written discovery is proper if reasonably calculated to lead to the discovery of admissible evidence concerning whether Nationstar has engaged in a policy, pattern, or practice of interfering with Plaintiffs' rights under the FDCPA or RESPA.  *See, e.g., Wilkinson v. Greater Dayton Reg'l Transit Auth.*, 2012 U.S. Dist. LEXIS 114025, *22 (S.D. Ohio Aug. 14, 2012) (compelling responses to interrogatories drafted in a manner reasonably calculated to lead to the discovery of admissible evidence of a policy, pattern, or practice of interfering with FMLA rights).  In fact, the FDCPA directs the court to consider whether there are other instances of the debt collector's noncompliant behavior when determining damages, regardless of the type of misbehavior specifically alleged. 15 U.S.C. § 1692k(b)(1) ("In determining the amount of liability in any action under subsection (a) of this section, the court *shall* consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector . . . .") (emphasis added).  Thus, the written discovery seeks relevant information that may help prove a pattern, policy, or practice of Nationstar's violations of the FDCPA and RESPA.

At their broadest, Plaintiffs' written discovery requests seek documents and information from August 16, 2011—the point at which Nationstar began servicing the associated loans— through the date discovery was served, on August 11, 2015.  This four (4) year timeframe is not unreasonable, especially in light of the fact that the Craigies must establish Nationstar's pattern of noncompliance with RESPA, the FDCPA and similar Michigan statutes.  *See, e.g., Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 652 (D. Kan. 2006) ("courts commonly extend the scope of discovery to a reasonable number of years both prior to and following [the liability] period").

Nationstar's 2011-2014 policies and procedures for loan modifications and foreclosures are particularly relevant to the claims and defenses in this case.   Nationstar made

15

misrepresentations to Plaintiffs about both the potential for loan modifications and the timing of foreclosures.  Moreover, Nationstar now disputes that Plaintiffs submitted a "complete" loss mitigation package that triggers various duties of Nationstar under RESPA.  Nationstar's guidelines will disclose precisely which documents are necessary for a loss mitigation package to be considered "complete" by Nationstar itself.  Nationstar's policies and procedures relating to loan modifications and foreclosures, from the relevant time period, are thus relevant to establishing that Nationstar regularly engaged in deceptive practices in violation of the FDCPA and RESPA.  This Court should thus overrule Nationstar's objections and compel the production of documents responsive to Request for Production Nos. 14 and 15.

Also relevant to the claims in this case are Nationstar's agreements with the owners of the Loans.  Plaintiffs' Request for Production No. 16 requested "any and all agreements, in place during the years 2011-2014, between Nationstar and any of the following: (1) First Horizon Home Loans; (2) First Tennessee National Bank; (3) First Horizon National Corporation; and (4) Bank of New York Mellon Corporation, trustee.  Nationstar responded:

> Nationstar objects to this request because it is overly broad, vague, and unduly burdensome. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation [sic] nor reasonably calculated to lead to the discovery of admissible evidence, as Nationstar's contracts with third parties have no bearing on Plaintiffs' claims, nor do Plaintiffs have standing to raise any claims under such third party agreements. Moreover, Nationstar objects to this request, which seeks disclosure of confidential and proprietary information, which also constitutes trade secrets of Nationstar.

The information sought by Request for Production No. 16 is necessary to establish that Nationstar is a "debt collector" under the FDCPA, RESPA and the Michigan statutes. Because Nationstar has refused to admit its status as a debt collector, Plaintiffs must prove Nationstar's status as a debt collector by establishing that Nationstar was hired to collect on a delinquent debt that it attempted to collect for a separate entity. Plaintiffs have reason to believe that the

requested documents will establish this vital part of Plaintiffs' claims; the documents are thus relevant and should be ordered produced. *See, e.g.*, *Yancey v. Hooten*, 180 F.R.D. 203, 208 (D. Conn. 1998) (granting request to compel response to interrogatory seeking relationship between alleged "debt collector" attorneys and creditor).  The request is not overly broad. Moreover, it is highly doubtful that these contracts constitute "trade secrets" (they are shared with third parties) or that they include proprietary information. This Court should overrule Defendant's objections to Request for Production No. 16 and enter an order compelling a response to this Request and the other Requests and Interrogatories discussed within this Brief.

In summary, as stated by this Court in another FDCPA case, "Defendant's view of relevance is unreasonably narrow. In any case brought under the FDCPA, discovery of the debt collector's underlying file, including evidence of the existence and the amount of the debt, collector's notes, and communications with the debtor, would be appropriate as such basic information is 'relevant' to the claims and defenses." *McWatters v. Cherry Creek Strategic Advisory, LLC*, 2014 U.S. Dist. LEXIS 88966, *7, 2014 WL 2957739 (W.D. Mich. July 1, 2014). *See also Patrick v. PHH Mort. Corp*., 298 F.R.D. 333 (N.D. W.Va. 2014) (ordering production of entire mortgage file in FDCPA and breach of contract case).  Therefore, this Court should overrule Nationstar's objections with regard to relevancy and enter an order compelling Nationstar to respond to the interrogatories and requests for production as requested in the instant Motion and Brief.

E.      **Nationstar's Production of Documents is Incomplete and Improper.**

Although Nationstar has produced some documents in response to Plaintiffs' First Set of Discovery Requests, the production falls far short of being fully responsive.  Nationstar produced 655 pages, and many of those pages are redacted.  Despite its many redactions, Nationstar has

not provided a privilege log in justification of the redactions. Plaintiffs also know that Nationstar's production is incomplete because Plaintiffs are in possession of some documents which are responsive and which Nationstar has sent to Plaintiffs in the past, but which were not produced in response to Plaintiffs' First Set of Discovery Requests.

Documents must be produced either in the manner of their normal business order, or must be produced in the order specified in the requests. Fed. R. Civ. P. 34(b).  This provision was added to Rule 34(b) in 1980 to eliminate the practice of deliberately confusing the requesting party by intermixing critical documents with others.  Fed. R. Civ. P. 34, Adv. Comm. Notes, 1980 amend.  The provision also benefits the producing party, however, by giving that party the option simply to produce the documents as they are kept in the regular course of business.  In the instant case, Nationstar failed to produce documents in either manner.  Nationstar did not provide documents in the order specified in the Requests for Production.  Nor did Nationstar provide documents as they are kept in the regular course of business. As confirmed by counsel for Nationstar, Nationstar pulled out of their production any documents they believed that Plaintiffs already have.  Such production is improper under the Federal Rules of Civil Procedure, and this Court should enter an order compelling Nationstar to fully respond to each Request for Production.

## F.     Nationstar's Verification Falls Short of the Requirement of Fed. R. Civ. P. 33(b).

Nationstar's responses to interrogatories were "verified," but not under oath or penalty of perjury, and not by the person who made the answers.  The requirements of Federal Rule of Civil Procedure 33(b) are very clear:

(1) Responding Party. The interrogatories must be answered:

(A) by the party to whom they are directed; or

18

> (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party. …
>
> (3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. . . .
>
> (5) Signature. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

The interrogatories must be answered by the party separately and fully under oath and must be signed *by the person who makes the answers*. "Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory . . ." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207 (N.D. Ill. 2010). The individual signing the verification for Nationstar, Fay Janati, stated she had no personal knowledge of the responses, which were made available to her by counsel and employees of Nationstar.  Neither did Ms. Janati confirm that the person answering the interrogatories on behalf of Nationstar averred to her that his, her, or their responses were truthful.  Plaintiffs therefore request that this Court's order compelling responses to the interrogatories at issue also require that the agent(s) of Nationstar who provide(s) the information must sign the responses under oath.

## CONCLUSION

For the reasons stated above and in the Motion to Compel, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion and enter an order requiring Nationstar to fully respond to Interrogatory Nos. 2-5 and 7-8, and Request for Production Nos. 2, 4-11 and 14-16.

Respectfully submitted,

Dated:  November 13, 2015

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiffs

19

Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300
twestbrook@dca-lawyers.com
anarvaes@dca-lawyers.com

I:\JEATeam\3378-01\PLDG\BIS Mot Compel(120)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 13, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Dated:  November 13, 2015

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300
twestbrook@dca-lawyers.com
anarvaes@dca-lawyers.com