# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# IN THE WESTERN DISTRICT OF MICHIGAN

BRUCE CRAIGIE and
BARBARA CRAIGIE,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC, a limited liability company, and JOHN DOES 1-5, unnamed individuals,

    Defendants.

Case No. 1:15-cv-441

Judge Janet T. Neff

---

Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
DREW, COOPER & ANDING, P.C.
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300

Elisa J. Lintemuth (P74498)
Dykema Gossett PLLC
Attorney for Nationstar Mortgage LLC
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500
elintemuth@dykema.com

---

## ANSWER TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT NATIONSTAR MORTGAGE, LLC

Defendant Nationstar Mortgage LLC, by its attorneys, in answer to plaintiffs' first set interrogatories and requests for production, states as follows:

### GENERAL OBJECTIONS

1.     Nationstar objects to Plaintiffs' requests to the extent that they are overly broad, unduly burdensome, repetitive, irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

2.     Nationstar objects to Plaintiffs' requests to the extent that they purport to impose any obligation on it beyond the requirements imposed by the Federal Rules of Civil Procedure.

3. Nationstar objects to those discovery requests that improperly seek the disclosure of information or documents that are privileged or confidential, that were prepared in anticipation of litigation or constitute attorney work product, or that are otherwise immune from discovery. Inadvertent production of such information or documents shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to any other information or documents.

4. Nationstar objects to those discovery requests that are compound, vague, ambiguous or otherwise unclear as to the precise information or documents sought.

5. Nationstar objects to Plaintiffs' requests to the extent that they seek documents that are not within its possession, custody or control. Any response by Nationstar that it will produce documents should not be construed to mean that such documents necessarily exist; instead, any such response should be understood to mean only that Nationstar will endeavor, consistent with its obligations under the Federal Rules of Civil Procedure, to locate such documents if they exist and, if any such documents are located, they will be produced in accordance with Nationstar's obligations under the Federal Rules of Civil Procedure and consistent with the terms of its answers.

6. Nationstar objects to Plaintiffs' requests to the extent that the documents sought therein can be obtained from other sources that are more convenient, less burdensome and/or less expensive.

7. Nationstar objects to Plaintiffs' requests to the extent that the documents are already in Plaintiffs' possession.

8. Nationstar's responses are based on the best information presently available, and it reserves the right to amend or to supplement its answers if it obtains other or additional

information or discovers other or additional documents, but states that it is not obligated to produce documents created after the date of its discovery requests.

9.   Nationstar objects any request regarding agreements to which they are not party, including any serving agreement, Pooling and Servicing Agreement ("PSA") or trust-related documents, as irrelevant as Plaintiffs lack standing to challenge Nationstar's compliance with these agreements. *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 747 (E.D. Mich. 2010), *aff'd*, No. 10-1782, 399 Fed. App'x 97 (6th Cir. Oct 28, 2010) ("Finally, regardless of what contracts exist between which entities, Plaintiff was not and is not a party to any of those contracts (including the assignments), and lacks standing to challenge their validity or the parties' compliance with those contracts here."); *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360-61 (6th Cir. Apr. 10, 2013) (stating that a non-party to an assignment lacks standing to challenge the assignment.); *Hewitt v. Bank of Am., N.A*, No. 13-cv-310, 2013 WL 3490668, at *4 (W.D. Mich. July 11, 2013) ("Plaintiff contends that the mortgage and note were. . . subject to a[] . . . pooling and servicing agreement ("PSA"), which requires that the assignment of a mortgage be done in a specific way and within a specific time frame. Because those conditions were not complied with, Plaintiff concludes that the assignment of the mortgage was invalid. This argument is frivolous. Even if there is a pooling and servicing agreement, Plaintiff is not a party to it and has no standing to challenge its terms.").

## DEFINITIONS

1.   The terms "Plaintiffs" or "you" refer to Bruce Craigie and Barbara Craigie.

2.   The term "Defendant" or "Nationstar" refers to Nationstar Mortgage LLC.

3.   The term "Scenic Drive Loan and Mortgage" refers to the loan (loan number:

3

0596863531) extended to Plaintiffs secured by a mortgage against real property commonly known as 2985 Scenic Drive, Muskegon, MI 49445.

4. The term "Lake Drive Loan and Mortgage" refers to the loan (loan number: 0596863530) extended to the Plaintiffs secured by a mortgage against real property commonly known as 1625 Lake Drive SE, East Grand Rapids, MI 49506.

5. The term "Loans" refers to the Lake Drive Loan and the Scenic Drive Loan collectively.

6. The term "Mortgages" refers to the Lake Drive Mortgage and the Scenic Drive Mortgage.

## INTERROGATORIES

1. To the extent your answer to any of the foregoing Requests for Admission is anything other than an unqualified admission, explain in detail the basis for your denial or failure to admit and Identify any documents which support your denial or failure to admit.

**RESPONSE: Nationstar refers Plaintiffs to its responses to requests for admission and production of documents.**

2. List each instance of contact between Nationstar and Bruce or Barbara Craigie, and state the following: (1) the type of contact (e.g., telephone, email, letter, fax, statement); (2) the date of the contact; (3) if a fax, email, or telephone contact, the time of the contact; (4) the party initiating the contact; (5) the name and title of the contact person; (6) a brief description of the content of the contact.

**RESPONSE: Nationstar objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the**

4

discovery of admissible evidence, including without limitation because: (a) this request seeks information related to all of Plaintiffs loans serviced by Nationstar when this lawsuit is limited to the Scenic Drive Loan and Mortgage and the Lake Drive Loan and Mortgage; (b) this request seeks information related to the entire history of the Loans and Mortgages when the parties' dispute is limited to a fixed time period; and (c) this request seeks information related to each and every action related to the Loans and Mortgages despite the fact that Plaintiffs' claims in this lawsuit are limited to issues related to whether a borrower's signature was forged and loss mitigation. Nationstar objects to this request because it is overly broad and unduly burdensome for these same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the servicing notes for the Loans and Mortgages and to the correspondence produced in connection with its responses to Plaintiffs' Requests for Production, which Nationstar is producing pursuant to FRCP 33(d).

3. List each instance of contact between Nationstar and any third party other than its present counsel of record, and state the following: (1) the type of contact (e.g., telephone, email, letter, fax, statement); (2) the date of the contact; (3) if a fax, email, or telephone contact, the time of the contact; (4) the party initiating the contact; (5) the name and title of the contact person; (6) the purpose for the contact; and (7) a brief description of the content of the contact, where such contact referenced or related in any way to any Modification Requests, either or both Foreclosures, the servicing of either Mortgage Loan, or either or both Plaintiffs.

RESPONSE: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome, including without limitation

5

because: (a) this request seeks information related to all of Plaintiffs loans serviced by Nationstar when this lawsuit is limited to the Scenic Drive Loan and Mortgage and the Lake Drive Loan and Mortgage; (b) this request seeks information related to the entire history of the Loans and Mortgages when the parties' dispute is limited to a fixed time period; and (c) this request seeks information related to each and every action related to the Loans and Mortgages despite the fact that Plaintiffs' claims in this lawsuit are limited to issues related to whether a borrower's signature was forged and loss mitigation. Nationstar objects to this request because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the servicing notes for the Loans and Mortgages and to the correspondence produced in connection with its responses to Plaintiffs' Requests for Production, which Nationstar is producing pursuant to FRCP 33(d).

    4. Identify by name, title, job responsibility, job duty location, last known address and last known phone number, each Nationstar employee who: (1) had contact with either Plaintiff in connection with the Mortgage Loans; (2) had responsibility for the Mortgage Loan files; (3) had involvement in the receipt, handling, processing and/or decision-making regarding Plaintiffs' Modification Requests; (4) had involvement in the handling, processing and/or decision-making regarding either or both Foreclosures; or (5) had responsibility for review of Nationstar's files regarding the Mortgage Loans and/or the Plaintiffs.

    RESPONSE: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this

request because the request is overly broad and unduly burdensome objects and the request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because the request seeks information related to the entire history for the Loans and Mortgages and is not limited in time or to the specific disputes at issue in the complaint. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the servicing notes for the Loans and Mortgages and to the correspondence produced in connection with its responses to Plaintiffs' Requests for Production, which Nationstar is producing pursuant to FRCP 33(d).

5. Identify by name, company (if applicable), title, address, phone number, and relationship with Nationstar, each agent of Nationstar, other than direct Nationstar employees, who had involvement in the receipt, handling, processing and/or decision-making regarding Plaintiffs' Modification Requests; had involvement in the handling, processing and/or decision-making regarding either or both Foreclosures; had responsibility for review of Nationstar's files regarding the Mortgage Loans and/or the Plaintiffs; or had involvement in any sale or attempted sale of the Lake Drive property, including the completed sale to Ryan G. Dykstra.

RESPONSE: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because the request is overly broad and unduly burdensome objects and the request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because the request seeks information related to the entire history for the Loans and

Mortgages and is not limited in time or to the specific disputes at issue in the complaint (i.e., whether a borrower's signature was forged and loss mitigation disputes). Nationstar objects to this request because it is overly broad and unduly burdensome for these same reasons. Nationstar further objects because this request calls for a legal conclusion as to which individuals or entities were "agents" of Nationstar. Without waiving the foregoing objections or the General Objections, Nationstar states that the foreclosure of the Lake Drive Mortgage was conducted by foreclosure counsel for Nationstar, Trott Law, P.C., and that the foreclosure of the Scenic Drive Mortgage was conducted by foreclosure counsel for Nationstar, Schneiderman & Sherman, P.C. In addition, Homesearch.com assisted with the auction of the Lake Drive Property following sheriff's sale.

6. Identify by full name and business address Nationstar's providers of the following services for the years 2011-2014: (1) telephone; and (2) email.

RESPONSE: Nationstar objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence.

7. Identify by company name and business address each entity which currently possesses any of the original Mortgage Loan documents, including the mortgages, the notes and any and all closing documents relating to the Mortgage Loans.

RESPONSE: Nationstar objects to this request because it is vague in its use of the term "closing documents." Nationstar further objects because this request is overbroad as it seeks all original documents related to the Mortgages or Loans and is not limited to the disputes at issue in this lawsuit (i.e., whether a borrower's signature was forged and loss mitigation disputes). This request seeks information not relevant to the

8

subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar states that US Bank Corporate Trust Services is the custodian of the original notes and mortgages for the Lake Drive Loan and Mortgage and the Scenic Drive Loan and Mortgage; Nationstar also has copies of the origination files for the Lake Drive Loan and Mortgage and the Scenic Drive Loan and Mortgage which it is producing herewith.

8. Identify by caption name, case number, court and filing year each lawsuit filed between 2013 and the present in which Nationstar is or has been a defendant.

RESPONSE: Nationstar objects to this request because it is overly broad, and unduly burdensome in that it seeks information related to any lawsuit filed in an over two-year period by any individual or entity regarding any claim against Nationstar (which services mortgage loan accounts for numerous customers nationwide). For the same reasons, Nationstar objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence. This request has no relationship to the Plaintiffs, Plaintiffs' Loans or the Mortgages at issue in this lawsuit.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all documents identified in your answers to the foregoing Requests for Admission and Interrogatories.

RESPONSE: **Nationstar refers Plaintiffs to the attached documents.**

2. Produce the original Mortgage Loan documents, including the Mortgages, the Notes and any and all closing documents relating to the Mortgage Loans.

RESPONSE: Nationstar objects to this request because it is vague in its use

9

of the term "closing documents." Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence as the disputes in this lawsuit are limited (i.e., whether a borrower's signature was forged and loss mitigation disputes). Without waiving the foregoing objections or the General Objections, Nationstar will produce the original notes and Mortgages for the Lake Drive Loan and the Scenic Drive Loan for inspection at a mutually agreeable time and place, and will produce copies of the origination files for the Loans and Mortgages.

3. Produce any and all documents comprising credit files, loan files, file jackets and/or any other collections of documents relating specifically to: (1) any and all mortgage loan(s) or account(s) of Bruce Craigie; and (2) any and all of the following properties:

   a. 1625 Lake Drive SE, East Grand Rapids, MI 49506 (loan number: 0596863530);

   b. 553 Wealthy Street SE, Grand Rapids, MI 49503 (loan number: 0057306821);

   c. 545 Madison Avenue SE, Grand Rapids, MI 49503 (loan number: 0058068362);

   d. 223 Morris Avenue SE, Grand Rapids, MI 49503 (loan number: 0057307050); and

   e. 2985 Scenic Drive, Muskegon, MI 49445 (loan number: 0596863531).

RESPONSE: Nationstar objects to this request because it is overly broad and unduly burdensome because it is not limited in time or scope to the relevant issues in Plaintiffs' Complaint. Nationstar further objects because the request is vague in its use of

the terms "credit files," "loan files," "file jackets," and "collections of documents." Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information regarding loans and properties not at issue in this lawsuit. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents related to the Lake Drive Loan and Mortgage and the Scenic Drive Loan and Mortgage.

4. Produce any and all documents relating in any way to any Modification Requests.

**RESPONSE: Nationstar refers Plaintiffs to the attached documents.**

5. Produce any and all documents relating in any way to either or both of the Foreclosures, including but not limited to any and all documents evidencing, referencing or relating to any notice of sheriff's sale, postponement of sheriff's sale or rescission of sheriff's sale.

**RESPONSE: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.**

6. Produce any and all documents received by Nationstar from the Consumer Financial Protection Bureau in connection with: (1) Barbara Craigie, Bruce Craigie and/or any mortgage loan associated with Plaintiffs; and (2) complaints by any other borrower against whom Nationstar instituted or carried out foreclosure proceedings during the pendency of a

11

modification request.

RESPONSE: Nationstar objects to this request because it is overly broad and unduly burdensome as it is not limited to the Loans and Mortgages at issue in this lawsuit and is not limited to the disputes at issue in this lawsuit. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

7. Produce any and all correspondence, including email correspondence, with or regarding Plaintiffs.

RESPONSE: Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome because (a) this request seeks documents related to all of Plaintiffs loans serviced by Nationstar when this lawsuit is limited to the Scenic Drive Loan and Mortgage and the Lake Drive Loan and Mortgage; (b) this request seeks documents from the entire history of the Loans and Mortgages when the parties' dispute is limited to a fixed time period; and (c) this request seeks documents related to each and every correspondence related to the Loans and Mortgages despite the fact that Plaintiffs' claims in this lawsuit are limited to issues related to whether a borrower's signature was forged and loss mitigation. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence for the same reasons. Without waiving the foregoing objections or the General Objections, Nationstar refers

**Plaintiffs to the attached documents.**

8. Produce any and all correspondence, including email correspondence, regarding either or both of the Foreclosures and/or either or both of the Mortgage Loans.

**RESPONSE:** Nationstar objects to this request to the extent it seeks information that is subject to attorney-client privilege. Nationstar further objects to this request because it is overly broad and unduly burdensome because it is not limited in time or scope to the relevant issues in Plaintiffs' Complaint. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

9. Produce any and all servicing agreements regarding the Mortgage Loans.

**RESPONSE:** Nationstar objects to this request because it is overly broad, unduly burdensome, and vague in its use of the term "servicing agreements." Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation because Plaintiffs lack standing to challenge Nationstar's compliance with these agreement; as such the content of those third-party agreements has no impact on Plaintiffs' claims. Nationstar also objects to this request because the terms of its agreements with any third parties contains confidential propriety and trade secret information.

10. Produce any and all credit bureau reports regarding either or both Plaintiffs.

RESPONSE: Nationstar objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, as Plaintiffs' credit worthiness has no relation to Plaintiffs' claims. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

11. Produce any and all documents regarding the creditworthiness of either or both Plaintiffs.

RESPONSE: Nationstar objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, as Plaintiffs' credit worthiness has no relation to Plaintiffs' claims. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

12. Produce any and all documents referencing or relating to the sale of the Lake Drive property to Ryan G. Dykstra.

RESPONSE: Nationstar objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, as the content of any third-party agreement has no impact on Plaintiffs' claims; nor do Plaintiffs have standing to raise any claims arising out of third-party agreements. Without waiving the foregoing objections or the General Objections, Nationstar refers Plaintiffs to the attached documents.

13. Produce any and all documents referencing or relating to any attempted or contemplated sale of the Lake Drive property via auction.

RESPONSE: Nationstar objects because this request seeks information not

relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, as information related to any "attempted or contemplated sale" that did not take place has no bearing on Plaintiffs' claims.

14. Produce any and all documents which comprise or relate to Nationstar's policies and/or procedures, in place during the years 2011-2014, for processing mortgage loan modification requests.

**RESPONSE:** Nationstar objects to this request because it is overly broad, vague, and unduly burdensome. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence; Plaintiffs lack standing to challenge Nationstar's compliance with its own internal procedures. Moreover, Nationstar objects to this request, which seeks disclosure of confidential and proprietary information, which also constitutes trade secrets of Nationstar.

15. Produce any and all documents which comprise or relate to Nationstar's policies and/or procedures, in place during the years 2011-2014, for handling mortgage loan foreclosures, including but not limited to such policies and/or procedures regarding handling sheriff's sales.

**RESPONSE:** Nationstar objects to this request because it is overly broad, vague, and unduly burdensome. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Nationstar objects to this request, which seeks disclosure of confidential and proprietary information, which also constitutes trade secrets of Nationstar.

16. Produce any and all agreements, in place during the years 2011-2014, between Nationstar and any of the following: (1) First Horizon Home Loans; (2) First Tennessee National Bank; (3) First Horizon National Corporation; and (4) Bank of New York Mellon Corporation, trustee.

**RESPONSE:** Nationstar objects to this request because it is overly broad, vague, and unduly burdensome. Nationstar further objects because this request seeks information not relevant to the subject matter of the ligation nor reasonably calculated to lead to the discovery of admissible evidence, as Nationstar's contracts with third parties have no bearing on Plaintiffs' claims, nor do Plaintiffs have standing to raise any claims under such third party agreements. Moreover, Nationstar objects to this request, which seeks disclosure of confidential and proprietary information, which also constitutes trade secrets of Nationstar.

AS TO OBJECTIONS:

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Elisa J. Lintemuth
Elisa J. Lintemuth (P74498)
Attorneys for Nationstar
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500
elintemuth@dykema.com

Dated: October 2, 2015

## VERIFICATION

I, Fay Janati, state that I am the authorized representative of Nationstar Mortgage LLC ("Nationstar"), that while I do not have personal knowledge of all the facts recited in the foregoing document, the statements and information made in the interrogatory responses have been collected and made available to me by counsel and employees of Nationstar and are made in reliance of business records; that the information contained herein is true and correct to the best of my knowledge and belief, and the interrogatory responses are therefore, verified.

I reserve the right to make changes to the responses if I discover that omissions or errors have been made or that more accurate information is available.

*Fay Janati*
Fay Janati, Litigation Resolution Analyst

Nationstar Mortgage, LLC