UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

BRUCE CRAIGIE and
BARBARA CRAIGIE,                           Case No. 1:15-cv-00441

    Plaintiffs,                                  Hon. Janet T. Neff

v.

NATIONSTAR MORTGAGE, LLC,
a limited liability company, and
JOHN DOES 1-5,

    Defendants.

---

| | |
|---|---|
| Theodore J. Westbrook (P70834) | Elisa J. Lintemuth (P74498) |
| Amanda P. Narvaes (P74957) | **DYKEMA GOSSETT PLLC** |
| **DREW, COOPER & ANDING, P.C.** | Attorneys for Defendant |
| Attorneys for Plaintiffs | Nationstar Mortgage, LLC |
| Aldrich Place, Suite 200 | 300 Ottawa Avenue NW |
| 80 Ottawa Avenue NW | Grand Rapids, MI 49503 |
| Grand Rapids, MI 49503 | (616) 776-7500 |
| (616) 454-8300 | |

---

## **BRIEF IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL**

**INTRODUCTION**

Pursuant to Rules 26(b)(1) and 37(a)(3)(b) of the Federal Rules of Civil Procedure, Plaintiffs Bruce and Barbara Craigie (The "Craigies"), through their attorneys, Drew, Cooper, and Anding, P.C., respectfully submit this Brief in support of their Motion to Compel Production of Documents from Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"). As explained herein, Nationstar has refused to produce relevant, non-privileged, discoverable documents requested by Plaintiffs. Accordingly, Nationstar should be compelled to produce those documents.

**PROCEDURAL HISTORY**

The Craigies filed this lawsuit against Defendant in connection with Nationstar's servicing of the mortgage loans on two homes owned by Plaintiffs. Plaintiffs have alleged that Defendant's reckless and/or knowing use of unlawful debt collection practices has wrongfully caused Plaintiffs to lose their homes to foreclosure and wrongfully forced Plaintiffs to defend their property rights via litigation. Through written discovery served on Defendant, the Craigies seek information that will establish Nationstar's policy, pattern, and/or practice of actions that: (1) violate the Real Estate Settlement Procedures Act ("RESPA"); (2) violate the standards set for the collection of debts by the Fair Debt Collection Practices Act ("FDCPA"); and (3) violate similar Michigan statutes.  Nationstar has refused to divulge such information, despite its relevance to the claims and defenses in this lawsuit.

Plaintiffs served their First Set of Discovery Requests to Defendant Nationstar Mortgage, LLC ("First Set of Discovery Requests") on August 11, 2015.  (ECF No. 26-1.)  Pursuant to two courtesy extensions granted by the Craigies, Nationstar responded 51 days after service of the requests, at 4:00 p.m. on Friday, October 2, 2015.  (ECF No. 26-2.)  After reviewing Nationstar's

1

insufficient responses and conferring with counsel for Nationstar, Plaintiffs filed their first Motion to Compel discovery responses on November 13, 2015. (ECF No. 25.) This Court granted in part and denied in part that Motion on December 14, 2015. (ECF No. 38.) Consistent with this Court's Order allowing submission of additional interrogatories, Plaintiffs served additional, narrowly-tailored written discovery requests on Nationstar. (Ex. 1.) On February 3, 2016, Nationstar responded to the additional Interrogatories but refused to produce any documents in response to Plaintiffs' Requests for Production of Documents. (Ex. 2.) Rather, Nationstar objected to the production of the requested documents, claiming the documents are subject to attorney-client privilege and work product privilege. The refusal to produce the requested documents was not resolved through a telephone conference held between the parties' counsel on February 11, 2016.

## ARGUMENT

### I.    LEGAL STANDARD.

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond, fails to allow inspection, or where the opposing party's disclosure or response is evasive or incomplete.  Under Fed. R. Civ. P. 26(b), "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense …. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Accord. Surles ex. rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).   The scope of discovery is broad and not limited to admissible evidence, but "encompasses any matter, not privileged, which is relevant to the subject matter involved in the

pending action." *Coleman v. American Red Cross,* 23 F.3d 1091, 1097 (6th Cir. 1994) (quoting *Marshall v. Bramer*, 828 F.2d 355, 357-58 (6th Cir. 1987)).

## II. NATIONSTAR'S FAILURE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS WARRANTS AN ORDER COMPELLING PRODUCTION OF DOCUMENTS.

As noted above, Plaintiffs served their Second Set of Discovery Requests on Nationstar and Nationstar served its Responses on February 3, 2016. Nationstar objected to several of the discovery requests. The responses at issue here are Nationstar's objections to Request for Production of Documents Nos. 2, 3, and 4, which read as follows:

> 2. Produce each "pre-sale checklist" relating to Scenic Drive or Lake Drive.
>
> \* \* \*
>
> 3. Produce each "hold report" relating to Scenic Drive or Lake Drive.
>
> \* \* \*
>
> 4. Produce each "affidavit" and "affirmation" referenced in each "COLLECTION HISTORY PROFILE" for Lake Drive and Scenic Drive. [See Ex. 1, p. 8.]

Nationstar responded to each of the above Requests for Production of Documents as follows:

> Nationstar objects because this request seeks documents that are protected from disclosure under attorney-client privilege and/or work product doctrine. [See Ex. 2, p. 8.]

The documents described above are documents that are unique to the properties that were foreclosed, but are generic in the sense that such documents are created in the ordinary course of business every time Nationstar forecloses upon a house through Michigan's foreclosure by

3

advertisement statutes.[1] The documents in question are relevant to Plaintiffs' claims because such information may support Plaintiffs' allegations that Defendant was unlawfully "dual tracking" the loans and making misrepresentations to Plaintiffs. The documents likely also support Plaintiffs' claim that Nationstar engaged in a pattern, policy, or practice of violating the RESPA and FDCPA. There is no indication in the record that the information sought by Plaintiffs was either a communication by Nationstar seeking legal advice or that it was developed in anticipation of litigation. Therefore, this Court should compel Nationstar to produce the requested documents.

### A.     The Requested Documents Are Not Subject to the Attorney-Client Privilege

The attorney-client privilege should be "narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit." *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (citing *United States v. Collis*, 128 F.3d 313, 320 (6th Cir.1997)). "The purpose of attorney-client privilege is to ensure free and open communications between a client and his attorney." *In re Grand Jury Subpoenas*, 454 F.3d 511, 519 (6th Cir. 2006) (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)). "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged. The purpose of the privilege is to encourage clients to make full disclosure to their attorneys." *Id.*

The documents requested by Plaintiffs are not confidential disclosures made to Nationstar's attorneys for the purpose of seeking legal advice, but rather commercial documents exchanged by Nationstar with another entity—Nationstar's foreclosure agent—for the purpose of doing business. The requested documents were prepared in the course of the ordinary business of Nationstar and its agents. Because Nationstar and/or its agents did not create the requested

---

[1] There were almost 49,000 foreclosures in Michigan in 2014.  See http://www.corelogic.com/research/foreclosure-report/national-foreclosure-report-december-2014.pdf, last visited March 8, 2016. As one of the top 5 largest mortgage servicers in America, Nationstar likely oversaw a large percentage of those foreclosures.

4

documents "for the purpose of obtaining or rendering legal advice," the Court should overrule Nationstar's attorney-client privilege objection and order Nationstar to produce the documents.

### B.     The Requested Documents Are Not Subject to the Work Product Doctrine

The pre-sale checklists, hold reports, and affidavits and affirmations sought by Plaintiffs were generated by either Nationstar or its agents as a ***routine business function***. The work product doctrine is thus wholly inapplicable. "'[W]ork product' is defined as those materials produced *because* of the *anticipation* of litigation. . . . If materials are produced in the ordinary and regular course of a discovery opponent's business, and not to prepare for litigation, they are outside the scope of the work product doctrine." *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 145 F.R.D. 84, 87 (N.D. Ill. 1992) (citing Fed. R. Civ. P. 26(b)(3)) (emphasis in original). *See also United States v. Roxworthy*, 457 F.3d 590 (6th Cir. 2006) (work product privilege protects only documents which would not have been prepared absent defendant's anticipation of litigation). The party claiming a privilege under the work product doctrine must show there was a real and substantial threat of litigation and the documents in question were generated because of that threat, not for ordinary business purposes. *In re OM Group Sec. Litig.*, 226 F.R.D. 579, 584-585 (N.D. Ohio 2005). Nationstar cannot make such a showing because Nationstar engages in and processes foreclosures of homes within the ordinary course of its business. *See, e.g., Flagstar Bank v. Fed. Ins. Co.*, 2006 U.S. Dist. LEXIS 58559, *13 (E.D. Mich. Aug. 21, 2006) (ordering documents related to insurance company's investigations produced, as they were created in the ordinary course of its business).

Here, the documents prepared in connection with the statutory foreclosure of Plaintiffs' homes were routine in nature and within the ordinary business of Nationstar and its agents. The documents would have been prepared regardless of whether a lawsuit was ever filed by Plaintiffs

5

against Nationstar and/or its agents. This Court should, therefore, overrule Defendant's work product doctrine objection and enter an Order compelling Nationstar to produce the requested documents.

### C. No Privilege Log Was Produced With Nationstar's Responses

Nationstar objected to production of the requested documents on the basis of privilege (see responses quoted above). Under Rule 26(b)(5), a party who withholds documents based upon the assertion of a privilege must provide a privilege log. *Protective Nat. Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 285 n. 3 (D. Neb. 1989). This disclosure is required to be prepared when documents are withheld in order to allow the Court and the requesting party the opportunity to challenge the assertion. The failure to provide the log while claiming privilege constitutes a willful refusal to cooperate in discovery.

### CONCLUSION

For the reasons stated above and in the Motion to Compel, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion and enter an order requiring Nationstar to fully respond to Request for Production Nos. 2, 3, and 4 of Plaintiffs' Second Set of Discovery Requests to Nationstar Mortgage, LLC.

Respectfully submitted,

Dated: March 9, 2016

/s/Amanda P. Narvaes
Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300
twestbrook@dca-lawyers.com
anarvaes@dca-lawyers.com

## **CERTIFICATE OF SERVICE**

      I certify that on March 9, 2016, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Dated: March 9, 2016

/s/Amanda P. Narvaes
Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300
twestbrook@dca-lawyers.com
anarvaes@dca-lawyers.com

I:\JEATeam\3378-01\PLDG\BIS Mot Compel(120.135)