UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BRUCE CRAIGIE and
BARBARA CRAIGIE,

  Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC,
a limited liability company, and
JOHN DOES 1-5,

  Defendants.

Case No. 1:15-cv-00441

Hon. Janet T. Neff

Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 454-8300

Elisa J. Lintemuth (P74498)
**DYKEMA GOSSETT PLLC**
Attorneys for Defendant
  Nationstar Mortgage, LLC
300 Ottawa Avenue NW
Grand Rapids, MI 49503
(616) 776-7500

Laura C. Baucus (P56932)
**DYKEMA GOSSETT PLLC**
Attorneys for Defendant
  Nationstar Mortgage, LLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI  48304
(248) 203-0700

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE DISCOVERY
ORDERS, TO COMPEL DISCOVERY, AND FOR SANCTIONS**

## INTRODUCTION

Defendant Nationstar Mortgage, LLC ("Nationstar") continues to obstruct discovery in this case by every means available. Questioned about its failure to produce highly relevant documents, Nationstar represented to the Court that no such documents ever existed. Required by the Court to certify its production efforts, Nationstar submitted a vague affidavit certifying its "reasonable" efforts. Yet the testimony of Nationstar's Rule 30(b)(6) representative makes clear that Nationstar has: (1) misled Plaintiffs and the Court regarding its documents and production; (2) withheld responsive and highly relevant documents; (3) unreasonably refused to produce an adequately prepared Rule 30(b)(6) witness; and (4) unreasonably obstructed the testimony of the witness it did produce. Nationstar's actions have prejudiced Plaintiffs by depriving them of substantial relevant information, causing unnecessary delay and forcing the filing of three (3) discovery motions including the present Motion. Plaintiffs ask this Court for relief accordingly.

## STATEMENT OF FACTS

Nationstar is a servicer of residential home loans. Nationstar serviced the loans secured by mortgages on Plaintiffs' two homes, and brought foreclosure proceedings that ultimately resulted in sheriff's sales of each home. Back on their feet financially after a major financial reversal prior to 2010, Plaintiffs attempted to work with Nationstar to reinstate the mortgage on one property ("Scenic Drive") and modify the mortgage on the other property ("Lake Drive"). Nationstar continually held out the prospect of a modification of the Lake Drive loan. Ultimately, Nationstar—without providing actual notice of the sale or any decision regarding either of two modification programs—sold the Lake Drive home at a sheriff's sale on April 2, 2014. Even after the sheriff's sale, Nationstar continued to mislead Plaintiffs into believing a modification of the mortgage was possible, despite the fact that Nationstar as a matter of

1

company-wide policy never grants modifications of loans once a sheriff's sale has taken place. In this manner, Nationstar effectively ran out the clock on Plaintiffs' ability to redeem the Lake Drive property, and Plaintiffs and their three children face the real possibility that their family home will be lost forever.

## PROCEDURAL HISTORY

**I.    PLAINTIFFS' FIRST AND SECOND MOTIONS TO COMPEL.**

Plaintiffs filed the present case on April 24, 2015, asserting claims under the Fair Debt Collection Practice Act, the Real Estate Settlement Procedures Act, the Michigan Occupational Code and the Michigan Regulation of Collection Practices Act.  Plaintiffs submitted their First Set of Discovery Requests to Nationstar on August 11, 2015.  Nationstar did not submit answers to those requests until October, and refused to produce many of the documents sought.  Plaintiffs filed their first Motion to Compel on November 13, 2015.  (ECF Nos. 25; 26.)  Much of that motion was denied without prejudice based on representations by Nationstar that it would provide the documents at issue.  (ECF Nos. 38; 40.)  Nationstar also represented that no documents were being withheld on the basis of privilege.  (ECF No. 40 at 13:24-14:8.)

Plaintiffs submitted additional discovery requests on December 21, 2015, seeking, *inter alia*, production of documents identified in Nationstar's "servicing notes."  (ECF No. 48-1.) Nationstar maintained that such documents, e.g. "checklists," "hold reports," and "affidavits," were not documents at all.  Plaintiffs did not accept this, and filed a second Motion to Compel on March 9, 2016.  (ECF Nos. 47, 48.)  Nationstar continued to maintain that the identified entries did not reference documents.  (ECF No. 54.)  The Court ordered Nationstar to "file an affidavit no later than 14 days from the date of this order stating the efforts that were made to locate responsive documents and either produce those documents or state under oath that none exist." (ECF No. 59.)  Nationstar filed a Declaration of Fay Janati on April 13, 2016 which stated that

Nationstar conducted a "reasonable search" for responsive documents, but did not identify any people or departments involved in such a search or which databases or files, if any, were searched. (ECF No. 63.) The Declaration stated that "no such documents exist." (*Id.*)

## II.   THE RULE 30(B)(6) DEPOSITION OF NATIONSTAR.

Plaintiffs noticed a Rule 30(b)(6) deposition of Nationstar on March 28, 2016. (Ex. 1.) The notice identified fifteen (15) topics of inquiry, including topics regarding Nationstar's modification policies and procedures during the relevant time period which had been suggested by the Court during the December 14, 2015 hearing on Plaintiffs' first Motion to Compel. (ECF No. 40 at 20:5-23:19; Ex. 1.) The notice also identified as topics of inquiry Nationstar's efforts to produce responsive documents and its document retention policies. (Ex. 1.) Upon Nationstar's request, Plaintiffs rescheduled the deposition for April 26, 2016 and submitted a re-notice accordingly. (Ex. 2.)

Two (2) business days prior to the scheduled deposition date and more than three (3) weeks after receiving Plaintiffs' notice topics, Nationstar objected to the notice topics. (Ex. 3, "Objections.") The Objections entirely redrafted the notice topics, and suggested that Nationstar's witness would be unprepared, or disallowed, to testify regarding the topics as noticed. (*Id.*) Plaintiffs considered adjourning the deposition on this basis (Ex. 4, email correspondence among counsel), but ultimately proceeded to take the deposition.

Nationstar produced a "Litigation Resolution Analyst," Aaryn Richardson, as its representative on April 26, 2016. Consistent with the Objections, Nationstar's representative was unprepared to testify regarding the bulk of the notice topics. Other than inside counsel, he had not spoken with a single Nationstar employee in preparation for the deposition. (Ex. 5, Dep. of A. Richardson at 13:4-6.) He had made no effort to prepare to testify regarding entire topics, including topics 1 and 2 regarding loss mitigation policies and procedures (Ex. 3 at 2-3; Ex. 4);

3

topic 13 regarding Nationstar's document retention policies (Ex. 5 at 70:12-71:1, 179:16-180:3, 180:21-181:5); or topics 14 and 15 regarding Nationstar's "efforts and extent of investigation in responding" to Plaintiffs' discovery requests (*id.* at 166:13-167:21).[1]

Nationstar purported to produce Mr. Richardson to testify regarding "the loss mitigation activities on Plaintiffs' Accounts," Nationstar's "foreclosure related to Plaintiffs' Accounts," and "Nationstar's mortgage loan reinstatement review, HAMP review and HAMP rejection (if any)." (Ex. 3 ¶¶ 1, 2, 5, 7, 12.) Yet Mr. Richardson: (1) was unable to answer numerous questions about entries made in the servicing notes during the critical period of time applicable to Plaintiffs' claims (Ex. 5 at 41:2-43:4, 51:8-17; 51:24-52:11, 115:21-116:5, 117:20-118:3, 121:1-122:12, 124:3-9, 125:5-126:23, 128:2-129:14, 144:22-145:11, 149:3-25, 161:1-15); (2) had spoken to no one within Nationstar, including any of the personnel who made the entries in the servicing notes, in order to prepare to testify on Nationstar's behalf (*id.* at 13:4-6, 121:1-122:12, 124:3-9, 125:5-126:23, 128:2-129:14); and (3) was instructed not to answer every question Plaintiffs' counsel posed regarding an entire document system in which Nationstar maintains foreclosure records, among many other instructions not to answer (*id.* at 11:16-12:6, 21:13-22:21, 58:4-59:19, 63:5-65:8, 88:20-91:10, 104:18-105:2, 139:2-140:8, 140:23-25).

### III. NATIONSTAR'S REPRESENTATIONS ABOUT AND PRODUCTION OF DOCUMENTS.

Through the Janati Declaration as well as representations of its counsel in open court and in the Objections, Nationstar had maintained that the servicing notes did not reference any documents even where they appeared to do so. Mr. Richardson initially appeared to testify consistent with these representations, but was later forced to admit that: (1) at least one of the

---

[1] Given Plaintiffs' concern that various documents apparently identified in Nationstar's servicing notes had not been produced, and Nationstar's vague description of its search efforts in the Janati Declaration, Plaintiffs considered this topic critical.

categories of documents the existence of which he and Nationstar denied <u>actually were documents</u> not produced by Nationstar in this case; and (2) he had not spoken to anyone about whether these or other categories of documents existed.  (Ex. 5 at 26:14-27:1, 33:8-34:10, 35:4-37:10, 118:7-23, 119:1-120:25, 122:13-17.)  Mr. Richardson's testimony that various documents did not exist was based <u>solely</u> on the fact that he had not seen them.  Yet he admitted that he had never attempted to search for documents in Nationstar's "Filenet" electronic image system where some or all such documents would have been located.  (*See id.* at 128:2-129:14.)

Mr. Richardson's deposition testimony confirmed that Nationstar has withheld a large number of documents that are responsive to Plaintiffs' requests and relate to Nationstar's servicing of the Craigie loans, its activity with respect to purported loan modifications and its foreclosure activity—all of which are challenged by Plaintiffs in this case.  Although Mr. Richardson testified that he consulted many of these records in his preparation, including from Nationstar's "GameChangers," "Remedy" and "LPS" electronic document systems, each of which contained responsive information about the Craigie loans during the late 2013 to late 2014 time frame, none of these documents were produced by Nationstar.  Further, none of these documents are identified on a Nationstar privilege log.

Plaintiffs have identified the following individual documents referenced in Nationstar's servicing notes which have not been produced:

- "HAMP FC CERTIFICATION" documents dated October 15, 2012  (Ex. 6, servicing notes at 31),[2] February 11, 2013 (*id.* at 44), March 25, 2014 (*id.* at 68), and April 1, 2014 (*id.*);

---

[2] After denying that "HAMP FC CERTIFICATION" referenced any type of document (Ex. 5 at 33:8-34:10, 35:4-36:6, 118:7-23), Mr. Richardson reversed course when confronted with an actual "HAMP Foreclosure Certification" (Ex. 7; Ex. 5 at 119:1-120:25, 122:13-17).  Nationstar did not produce the March 25, 2014 HAMP Foreclosure Certification, in which Nationstar "verifies" materially false statements, in discovery in this case.  (Ex. 7.)

- "OCC INDEPENDENT FORECLOSURE REVIEW" dated March 27, 2013 (*id.* at 48);

- "OCC Checklist" dated July 10, 2013 which was "sent to Lhohman to complete" (*id.* at 56);[3]

- "OCC CHKLST" dated September 24, 2013 which was emailed to "NJOHNSON" (*id.* at 59);

- An OCC review which was "updated" on November 25, 2013 (*id.* at 62; Ex. 5 at 88:20-91:10);

- "PRE-SALE CHECKLIST" dated February 25, 2014 (Ex. 6 at 66);

- An "Affidavit" dated May 25, 2012 which was "sent to Doc Admin" (*id.* at 24);

- "AFFIDAVITS" dated February 7, 2013; February 8, 2013; March 18, 2014; March 19, 2014; March 20, 2014; March 21, 2014; March 24, 2014; April 1, 2014; April 2, 2014; April 4, 2014; and April 7, 2014 (Ex. 6 at 43, 67, 68 and 71; Ex. 5 at 123:4-18 (confirming existence of affidavits, contrary to Janati Declaration and Nationstar representations));

- "REFERRAL CHECKLIST" dated February 19, 2013 (Ex. 6 at 44; Ex. 5 at 38:15-40:10);

- Emails, dated August 19, 2013 to Nationstar employee "SHUNNECOOK" and attaching an OCC checklist (Ex. 6 at 57), and dated September 24, 2013 to Nationstar employee "NJOHNSON" and attaching an OCC checklist (*id.* at 59).

### IV. NATIONSTAR'S WITNESS IDENTIFIED APPLICABLE NATIONSTAR DOCUMENTS.

Plaintiffs learned that documents exist which outline Nationstar's policies and procedures for handling the loan modification programs for which Plaintiffs applied: (1) the Bank of New York Mellon Trial Period Modification Program; and (2) HAMP, which have not been produced. (Ex. 5 at 141:20-143:1.)  Mr. Richardson was not, however, prepared to testify regarding any details, including which information Nationstar must receive in order for a modification package to be considered complete, and any procedures for setting the date on which documents should be returned to Nationstar.  (*Id.* at 164:2-166:3, 173:9-174:7.)

---

[3] Mr. Richardson testified that he was "not aware of any such document," but could not explain how such an item could be "sent to," emailed to or received by a Nationstar employee if it were not a document.  (Ex. 5 at 60:18-63:4, 68:13-70:11.)

6

## V. NATIONSTAR'S OBSTRUCTION OF TESTIMONY.

Apart from its failure to produce documents, Nationstar obstructed the Rule 30(b)(6) deposition in two ways: (1) refusing to prepare the witness to testify regarding major portions of the notice topics through untimely "objections;" and (2) persistently instructing Mr. Richardson not to answer questions. Mr. Richardson was instructed by counsel not to answer questions regarding the following:

- The length of time he spent meeting with counsel to prepare for the deposition (Ex. 5 at 11:16-12:6);

- Nationstar's loss mitigation policies and procedures from 2013 to present (*id.* at 18:5-20:8, 21:13-22:21, 24:20-25:14);[4]

- Entries in the servicing notes regarding foreclosure activity on the Lake Drive loan (*id.* at 58:4-59:19; Ex. 6 at 55);

- Nationstar's "LPS" electronic information system, including how it is used by Nationstar and what types of information and facts it contains—even though Mr. Richardson testified that he consulted these records in preparation for the deposition (Ex. 5 at 63:5-65:8, 88:20-91:10, 104:18-105:2);[5]

- Nationstar's participation in the Making Home Affordable program which governs HAMP modifications (*id.* at 139:2-140:25).

## VI. PLAINTIFFS FILE THE PRESENT MOTION.

Plaintiffs identified the foregoing issues in correspondence to Nationstar's counsel dated April 29, 2016 (Ex. 8), and conferred with counsel regarding these and other issues via telephone on Friday, May 6, 2016. Although Nationstar had been apprised of the issues Plaintiffs raise,

---

[4] Mr. Richardson was not prepared to testify regarding the first or second notice topics, but did have personal knowledge regarding certain aspects thereof. Ultimately the parties consulted the Court regarding this instruction not to answer (ECF No. 69) and the Court determined that the instruction was improper.

[5] Because these questions were obstructed, Plaintiffs were unable to obtain sufficient information to determine what non-privileged information resides within this LPS system, from which Nationstar has produced zero documents in this case as well as no privilege log.

7

counsel was unable to provide any information regarding Nationstar's position regarding the relief requested. This Motion followed.

## ARGUMENT

I.  **LEGAL STANDARD.**

Pursuant to Federal Rule of Civil Procedure 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond, fails to allow inspection, or where the opposing party's disclosure or response is evasive or incomplete. The scope of discovery is broad and not limited to admissible evidence, but "encompasses any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Coleman v. American Red Cross,* 23 F.3d 1091, 1097 (6th Cir. 1994) (quoting *Marshall v. Bramer*, 828 F.2d 355, 357-58 (6th Cir. 1987)). "Relevance" has been interpreted broadly under Rule 26, "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 350-52 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)).

Rule 30(d)(2) allows the court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." In addition, evasive or incomplete answers are treated as failure to answer and may be sanctioned pursuant to Rule 37(a)(4).

II. **NATIONSTAR MUST PRODUCE THE WITHHELD DOCUMENTS OR BE SUBJECT TO ADVERSE EVIDENTIARY INFERENCES.**

One or both of two situations exists with respect to Nationstar's efforts to produce documents: (1) Nationstar is deliberately obscuring a wealth of documents and information bearing directly on the conduct which Plaintiffs challenge in this case; and/or (2) Nationstar has falsely certified that its efforts to find and produce responsive documents have been

"reasonable." The Litigation Resolution Analysts Nationstar has appointed with respect to this case, Fay Janati and Aaryn Richardson, have been unable or unwilling to identify any Nationstar personnel who were consulted in connection with any search for responsive documents. Nationstar did not comply with the Court's prior discovery Order (ECF No. 59), instead submitting a false and misleading affidavit (*see* ECF No. 63). Mr. Richardson, in addition to carefully avoiding answering questions regarding the existence of various documents, confirmed that many responsive documents do exist which have not been produced and appear nowhere on a privilege log. Nationstar has frustrated the discovery process in a case in which Plaintiffs require Nationstar's documents to make their case. Plaintiffs request that the Court: (1) order Nationstar to produce the documents identified above (pp. 5-8), grant Plaintiffs an additional 90 days in which to conduct follow-up discovery regarding those documents, require Nationstar to submit a complete privilege log, and require Nationstar to reimburse Plaintiffs for the reasonable attorney fees incurred in bringing this Motion and the previous motion to compel; or (2) alternatively, craft a sanction in the form of an adverse evidentiary inference that the withheld documents establish Nationstar's liability. *See Beck v. Haik*, 377 F.3d 624, 641 (6th Cir. 2004) (presumption that lost evidence would have been unfavorable to the party responsible for its loss is an appropriate sanction for spoliation).

### III.   A REMEDIAL SANCTION IS APPROPRIATE DUE TO NATIONSTAR'S OBSTRUCTIONISM.

Nationstar's Rule 30(b)(6) witness was unprepared to offer testimony on Nationstar's behalf, having failed to conduct any preparation with respect to numerous notice topics, and having chosen not speak with any Nationstar employee to prepare himself to provide testimony. This prevented Plaintiffs from obtaining evidence to which they are entitled. This would not be the first case in which Nationstar was sanctioned for the failure of its representative witnesses to be prepared and provide non-evasive testimony. *See Geoffrion v. Nationstar Mortgage, LLC*,

9

\_\_\_ F. Supp. 3d \_\_\_, 2016 WL 1598840, *19-20, n.16 (E.D. Tex. April 21, 2016) (noting sanction of Nationstar based on Ms. Janati's evasive and incomplete representative testimony).

Further, Nationstar's untimely and non-cognizable Objections, coupled with its repeated instructions that Mr. Richardson not answer questions where the answers were personally known to him, "impeded, delayed, or frustrated a fair examination" of this critical witness. This conduct is sanctionable under Rule 30(d)(2). Plaintiffs request that the Court enter an order requiring Nationstar to: (1) re-produce Mr. Richardson for an individual deposition at Nationstar's expense; (2) produce a Rule 30(b)(6) representative capable of answering questions which Mr. Richardson was unprepared to answer, at Nationstar's expense, for a further deposition not to exceed 7 hours;[6] and (3) refrain from improper instructions not to answer and other obstruction of testimony.

## CONCLUSION

Nationstar must not be allowed to obstruct the discovery process and obscure the truth of its conduct. Plaintiffs request that the Court enter an order granting Plaintiffs' Motion and providing the following relief: (1) ordering Nationstar to conduct a thorough search of all of its electronic systems and produce the documents identified herein (pp. 5-8); (2) ordering Nationstar to produce Mr. Richardson for an individual deposition at its own expense; (3) ordering Nationstar to produce a properly prepared Rule 30(b)(6) representative at its own expense; (4) extending discovery as to Nationstar for 90 days; and (5) ordering Nationstar to reimburse Plaintiffs for the costs and reasonable attorney fees incurred in bringing this Motion.

Respectfully submitted,

Dated: May 10, 2016 /s/Theodore J. Westbrook

---

[6] *See* Rule 30(d)(1).

|  | Theodore J. Westbrook (P70834) |
|---|---|
|  | Amanda P. Narvaes (P74957) |
|  | **DREW, COOPER & ANDING, P.C.** |
|  | Attorneys for Plaintiffs |
|  | Aldrich Place, Suite 200 |
|  | 80 Ottawa Avenue NW |
|  | Grand Rapids, MI 49503 |
|  | (616) 454-8300 |

### CERTIFICATE OF SERVICE

I certify that on May 10, 2016, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Dated:  May 10, 2016        /s/Theodore J. Westbrook
                            Theodore J. Westbrook (P70834)
                            Amanda P. Narvaes (P74957)
                            **DREW, COOPER & ANDING, P.C.**
                            Attorneys for Plaintiff
                            Aldrich Place, Suite 200
                            80 Ottawa Avenue NW
                            Grand Rapids, MI 49503
                            (616) 454-8300

I:\JEATeam\3378-01\PLDG\BIS.Mot.Compel_2016.05.10(120.135)