# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN

BRUCE CRAIGIE and
BARBARA CRAIGIE,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC, a limited liability company, and JOHN DOES 1-5, unnamed individuals,

    Defendants.

Case No. 1:15-cv-441

Judge Janet T. Neff

---

Theodore J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300

Jong-Ju Chang (P70584)
Elisa J. Lintemuth (P74498)
**DYKEMA GOSSETT PLLC**
Attorney for Nationstar Mortgage LLC
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7500
elintemuth@dykema.com

### OBJECTIONS TO TOPICS RELATED TO RENOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT NATIONSTAR MORTGAGE LLC

Defendant Nationstar Mortgage LLC ("Nationstar") submits the following objections to certain topics to Plaintiffs' Re-Notice of Rule 30(b)(6) Deposition of Defendant Nationstar Mortgage, LLC (the "Notice") as follows:

### GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each individual response:

1. Nationstar objects to the Notice to the extent it seeks information/testimony that is not limited to reasonable or relevant time periods, overly broad, unduly burdensome, and neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Nationstar objects to the Notice to the extent it seeks information/testimony protected by the attorney-client privilege, the work product doctrine, or any other privilege existing under law.

3. Nationstar objects to the Notice to the extent it purports to impose on Nationstar obligations which exceed those imposed by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

4. Nationstar objects to the Notice to the extent it is vague, ambiguous, and does not identify with reasonable particularity the information sought.

5. Nationstar objects to the Notice to the extent it seeks Nationstar's confidential and/or proprietary information protected by applicable law.

6. Nationstar objects to the extent the Notice seeks information related to accounts other than the loans that Bruce Craigie obtained on or about April 18, 2006 and April 24, 2006, secured by properties located at 2985 Scenic Drive, Muskegon, MI 49445 and 1625 Lake Drive SE, East Grand Rapids, MI 49506 (the "Plaintiffs' Accounts").

7. Nationstar reserves its right to supplement and/or amend its objections or responses should additional and/or different information be obtained. Subject to and without waiving these general objections, Nationstar submits the following objection and responses.

**OBJECTIONS TO REQUESTED AREAS OF TESTIMONY**

1. Nationstar's loss mitigation policies and procedures in place from 2013 to the present;

        **RESPONSE: Nationstar objects to this topic because:**

- It seeks disclosure of confidential and proprietary information, which also constitutes trade secrets of Nationstar. This is a lawsuit about Nationstar's actions in servicing of two of Plaintiffs' loans, and whether those actions violated certain federal and state statutes. It is not a lawsuit about Nationstar's internal policies and procedures. Plaintiffs already sought these documents in their first set of Requests for Production. In denying Plaintiffs' motion to compel production of these policies and procedures, Judge Carmody acknowledged that Nationstar's policies and procedures are "proprietary." (Transcript of Hearing on Motion to Compel, ECF No. 40, PageID.257.)

- It is not reasonably calculated to lead to discovery of admissible evidence and is not related to any of Plaintiffs' claims or Nationstar's defenses in this lawsuit. Plaintiffs' allegations regarding statutory violations can only be proven (or disproven) by reference to statutes and regulations, not Nationstar's internal policies and procedures. Indeed, Judge Carmody already agreed with Nationstar's position on this issue when raised in Plaintiffs' first Motion to Compel. As Judge Carmody stated: "I still don't see what the policies have to do with it. Either that's an illegal act or it's not." (Transcript of Hearing on Motion to Compel, ECF No. 40, PageID.256.)

- It is overly broad and it does not identify with reasonable particularity the matter for examination. Plaintiffs do not define "policy," "procedure," or "loss mitigation." Plaintiffs request that Nationstar produce a witness to speak to all undefined "policies" and/or "procedures" regarding "loss mitigation," without any limitation by loan product, jurisdiction, type of collateral, investor, or form of loss mitigation is overly broad, and does not afford Nationstar an opportunity to properly prepare a witness.

        **Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding the loss mitigation activities on Plaintiffs' Accounts.**

        2.    Nationstar's loan modification policies in place from 2013 to present;

        **RESPONSE: Nationstar incorporates its objections to topic 1 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding loan modification activities on Plaintiffs' Accounts.**

        3.    Nationstar's policies and procedures in place from 2014 to present for providing information to borrowers about actions the borrower must take to be evaluated for loss mitigation

options;

**RESPONSE: Nationstar incorporates its objections to topic 1 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding its communications with Plaintiffs regarding loss mitigation related to Plaintiffs' Accounts.**

4. Nationstar's policies and procedures in place from 2014 to present for providing information to borrowers about the status of loss mitigation applications;

**RESPONSE: Nationstar incorporates its objections to topic 1 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding its communications with Plaintiffs regarding Plaintiffs' loss mitigation applications for Plaintiffs' Accounts.**

5. Nationstar's policies and procedures in place from 2014 to present for providing information to borrowers about the circumstances under which Nationstar would make a referral to foreclosure;

**RESPONSE: Nationstar incorporates its objections to topic 1 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding its communications with Plaintiffs regarding foreclosure related to Plaintiffs' Accounts.**

6. Nationstar's policies and procedures in place from 2014 to present for preparing, submitting and/or retaining foreclosure pre-sale checklists, foreclose-related affidavits, and any

4

other pre-foreclosure documents;

**RESPONSE: Nationstar incorporates its objections to topic 1 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding the references to "PRESALE CHECKLIST VALID – NO HOLDS," "PRE-SALE CHECKLIST FAILED – VALID HOLD REPORT," "AFFIDAVIT REJECTED" and "SPOC AFFIRMATION" in the Collection History Profile notes for the Plaintiffs' Accounts.**

7.  Any and all foreclosure pre-sale checklists, foreclosure-related affidavits, and any other pre-foreclosure documents prepared during 2011 through 2014 and relating to loans serviced by Nationstar for which Plaintiff Bruce Craigie was listed as the borrower;

**RESPONSE: Nationstar objects to this topic because it is overly broad and it does not identify with reasonable particularity the matter for examination. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding foreclosure related to Plaintiffs' Accounts.**

8.  Number of residential home loans referred by Nationstar to foreclosure from 2014 to present, where a foreclosure sale took place less than 30 days after a Home Affordable Modification Program ("HAMP") rejection;

**RESPONSE: Nationstar objects to this topic as overly broad, irrelevant, not reasonably calculated to lead to discovery of admissible evidence and is not related to any of Plaintiffs' claims or Nationstar's defenses in this lawsuit, and imposes an undue burden upon Nationstar. Nationstar does not have a database that could readily provide this**

information; as a result, Plaintiffs' request would require Nationstar to individually analyze the activities on each loan referred to foreclosure from 2014 to the present. Under these circumstances, the burden and expense of this request outweighs its likely benefit proportional to the needs of the case.

9. Number of residential home loans referred by Nationstar to foreclosure from 2014 to present, where the borrower submitted a HAMP application and a foreclosure sale took place prior to any decision on the HAMP application;

**RESPONSE:** Nationstar objects to this topic as overly broad, irrelevant, not reasonably calculated to lead to discovery of admissible evidence and is not related to any of Plaintiffs' claims or Nationstar's defenses in this lawsuit, and imposes an undue burden upon Nationstar. Nationstar does not have a database that could readily provide this information; as a result, Plaintiffs' request would require Nationstar to individually analyze the activities on each loan referred to foreclosure from 2014 to the present. Under these circumstances, the burden and expense of this request outweighs its likely benefit proportional to the needs of the case.

10. Number of residential home loans referred by Nationstar to foreclosure from 2014 to present, where Nationstar completed a HAMP Foreclosure Certification stating that the HAMP Foreclosure Certification had been completed no more than 7 days prior to the scheduled sale date, but the actual foreclosure sale was held more than 7 days after the certification date;

**RESPONSE:** Nationstar objects to this topic as overly broad, irrelevant, not reasonably calculated to lead to discovery of admissible evidence and is not related to any

of Plaintiffs' claims or Nationstar's defenses in this lawsuit, and imposes an undue burden upon Nationstar. Nationstar does not have a database that could readily provide this information; as a result, Plaintiffs' request would require Nationstar to individually analyze the activities on each loan referred to foreclosure from 2014 to the present. Under these circumstances, the burden and expense of this request outweighs its likely benefit proportional to the needs of the case.

11.  Nationstar's mortgage loan reinstatement policies in place between 2011 and 2014;

RESPONSE: Nationstar incorporates its objections to topic 1 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding its actions on Plaintiffs' Accounts related to loan reinstatement.

12.  Nationstar's mortgage loan reinstatement review, HAMP review and HAMP rejection (if any) with respect to Plaintiffs' Lake Drive and Scenic Drive properties;

RESPONSE: Nationstar objects to this request because it is overly broad and it does not identify with reasonable particularity the matter for examination. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding this request.

13.  Nationstar's document retention policies in place between 2011 and the present;

RESPONSE: Nationstar objects to this topic because it is overly broad and it does not identify with reasonable particularity the matter for examination. Plaintiffs request

7

that Nationstar produce a witness to speak to all "document retention policies" without any limitation by type of document, and does not afford Nationstar an opportunity to properly prepare a witness. Nationstar further objects to this request because it is irrelevant, not reasonably calculated to lead to discovery of admissible evidence and is not related to any of Plaintiffs' claims or Nationstar's defenses in this lawsuit. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding this topic, provided, however, that Plaintiffs need to limit/explain what type of documents they are referring to so that the Nationstar representative is able to prepare for this topic.

    14.    Nationstar's efforts and extent of investigation in responding to Plaintiffs' First Set of Written Discovery Requests;

    **RESPONSE:** Nationstar objects to this topic:

- to the extent it seeks information that is subject to work product and attorney-client privilege;

- because it is overly broad, it does not identify with reasonable particularity the matter for examination. Nationstar's responses to Plaintiffs' first set of requests for admission, interrogatories, and requests for production cover a wide variety of different topics of varying relevance to the Plaintiffs' Complaint and the production of 998 pages of documents; and

- because it is improper discovery on discovery, and duplicative in that it seeks information that Nationstar has produced in prior discovery.

Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding its actions on Plaintiffs' Accounts.

    15.    Nationstar's efforts and extent of investigation in responding to Plaintiffs' Second Set of Written Discovery Requests.

RESPONSE: Nationstar incorporates its objections to topic 14 above. Subject to and without waiving any objections, Nationstar's representative will provide testimony regarding its actions on Plaintiffs' Accounts.

Dated: April 22, 2016

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Elisa J. Lintemuth
Elisa J. Lintemuth (P74498)
Attorneys for Defendant
300 Ottawa Ave. NW, Suite 700
Grand Rapids, MI 49503
(616) 776-7532
elintemuth@dykema.com

9

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

BRUCE CRAIGIE and BARBARA CRAIGIE,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC, a limited liability company, and JOHN DOES 1-5, unnamed individuals,

    Defendants.

Case No. 1:15-cv-441

Hon. Janet T. Neff

---

Theodore, J. Westbrook (P70834)
Amanda P. Narvaes (P74957)
DREW, COOPER & ANDING, P.C.
Attorneys for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Avenue, NW
Grand Rapids, MI  49503
(616) 454-8300
twestbrook@dca-lawyers.com
anarvaes@dca-lawyers.com

Elisa Lintemuth (P74498)
DYKEMA GOSSETT PLLC
Attorneys for Defendants
300 Ottawa Avenue, Suite 700
Grand Rapids, MI 49503-2306
(616) 776-7532
elintemuth@dykema.com

---

### PROOF OF SERVICE

I hereby certify that on April 22, 2016, I caused to be served a copy of Objections to Topics Related to Renotice of Rule 30(b)(6) Deposition of Defendant Nationstar Mortgage LLC upon Plaintiffs' attorneys at their addressses listed above by First-Class mail, postage prepaid and e-mail.

Dated: April 22, 2016

/s/ Elisa J. Lintemuth
Elisa J. Lintemuth (P74498)
Dykema Gossett PLLC
300 Ottawa Avenue, N.W., Suite 700
Grand Rapids, MI  49503-2306
(616) 776-7500

4835-3201-6683.6
084912\000566