# EXHIBIT 4

**Stacey Bybee**

| | |
|---|---|
| **From:** | Amanda Narvaes |
| **Sent:** | Friday, April 22, 2016 3:48 PM |
| **To:** | Lintemuth, Elisa; Ted Westbrook |
| **Cc:** | Chang, Jong-Ju; Baucus, Laura; File |
| **Subject:** | RE: Craigie v Nationstar (Our File No. 3378-01) |

Elisa,

We will move forward with taking the deposition next Tuesday . However, depending on how prepared the deponent is to answer our questions, we may reserve the right to continue the deposition and file a motion to compel afterward.

Amanda

Amanda P. Narvaes
Associate Attorney
DREW, COOPER & ANDING
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
anarvaes@dca-lawyers.com
616.454.8300



**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY/CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT**

**NOTICE:** This electronic message contains information from the law firm of **DREW, COOPER & ANDING** that may be privileged. The information is for the use of the intended recipient only. If you are not the intended recipient, please advise the sender that you received this message in error. Please note that any disclosure, copy, distribution or use of the contents of this message is prohibited.

**From:** Lintemuth, Elisa [mailto:ELintemuth@dykema.com]
**Sent:** Friday, April 22, 2016 3:20 PM
**To:** Amanda Narvaes; Ted Westbrook
**Cc:** Chang, Jong-Ju; Baucus, Laura
**Subject:** RE: Craigie v Nationstar (Our File No. 3378-01)

Amanda,

We have no issue with our 30(b)(6) witness testifying as to why certain actions were taken on the Craigies' accounts, to the extent the rationale for those actions is based on a Nationstar policy. However, we believe it is improper to ask us to produce a witness who can broadly speak as to the content of Nationstar's proprietary policies and procedures, which Judge Carmody noted were "proprietary," and to which she could not see the relevance to Plaintiffs' claims. Please let us know if you are willing to proceed with the 30(b)(6) deposition under this understanding, or whether you would prefer to adjourn the deposition for another motion to compel.

Regards,

1

Elisa

**From:** Amanda Narvaes [mailto:anarvaes@dca-lawyers.com]
**Sent:** Friday, April 22, 2016 2:40 PM
**To:** Lintemuth, Elisa; Ted Westbrook
**Cc:** File
**Subject:** RE: Craigie v Nationstar (Our File No. 3378-01)

Elisa,

We originally noticed the 30(b)(6) Notice on March 28, 2016. While a Re-Notice was issued last week *at your request*, that Re-Notice changed nothing but the date and location of the 30(b)(6) deposition. If Nationstar had issues with the deposition topics as noticed, Nationstar should have filed a motion immediately with the Court to either limit the scope of the deposition, or request a Protective Order. Your representation, two business days before the scheduled deposition, that the deponent will not answer questions on all topics is improper.

In addition, we take issue with your suggestion that the Court found that the Craigies could not ask about Nationstar's policies and procedures, in place from 2011 to 2014, for processing loan modification requests. As you well know, the Court actually suggested the Craigies seek that information through a 30(b)(6) deposition. The quote from that page states in full:

--------
THE COURT: Okay. I'm going to deny this without prejudice because I -- it seems to me it is somewhat proprietary. And what one am I on? 14. I don't want to lose track here. I think probably a Rule 30(b)(6) is a more precise way to get at the information that you want and might need, Mr. Westbrook, rather than have them turn over all these internal policies. But I'm trusting you, Ms. Lintemuth, will identify the person who may have that information for him.

MS. LINTEMUTH: We will absolutely identify the best person to speak to that issue, or at least someone who is qualified. I guess I don't want to get into a dispute about who is the best person. But someone who has all the relevant information.
--------

It is apparent from your objections that Nationstar does not intend to produce a witness prepared to testify regarding the noticed topics as written, or indeed regarding certain entire topics. If our understanding is mistaken, please let us know as soon as possible. Otherwise, we will be forced adjourn the deposition and file a motion to compel Nationstar to produce a representative capable of testifying regarding the topics as noticed by Plaintiffs.

Thank you,
Amanda

Amanda P. Narvaes
Associate Attorney
DREW, COOPER & ANDING
Aldrich Place, Suite 200
80 Ottawa Avenue NW
Grand Rapids, MI 49503
anarvaes@dca-lawyers.com
616.454.8300



2

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY/CLIENT COMMUNICATION - ATTORNEY WORK PRODUCT**

**NOTICE:** This electronic message contains information from the law firm of **DREW, COOPER & ANDING** that may be privileged. The information is for the use of the intended recipient only. If you are not the intended recipient, please advise the sender that you received this message in error. Please note that any disclosure, copy, distribution or use of the contents of this message is prohibited.

**From:** Lintemuth, Elisa [mailto:ELintemuth@dykema.com]
**Sent:** Friday, April 22, 2016 1:16 PM
**To:** Ted Westbrook; Amanda Narvaes
**Subject:** RE: Craigie v Nationstar

Ted and Amanda,

Would it be possible to have the deposition start at 10 am? I appreciate the accommodation.

Best,
Elisa


**From:** Paas, Julie **On Behalf Of** Lintemuth, Elisa
**Sent:** Friday, April 22, 2016 12:30 PM
**To:** twestbrook@dca-lawyers.com; anarvaes@dca-lawyers.com
**Cc:** Lintemuth, Elisa
**Subject:** Craigie v Nationstar

Please see attached.

Elisa


DyKEMA | Elisa J. Lintemuth | 616-776-7532 Direct | 300 Ottawa Avenue, N.W., Suite 700
         | Attorney           | 616-776-7500 Main    | Grand Rapids, Michigan  49503
         | ELintemuth@dykema.com | 855-259-7099 Fax  | www.dykema.com

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

3