# EXHIBIT 8

STEPHEN R. DREW
JOHN E. ANDING
THOMAS V. HUBBARD
THEODORE J. WESTBROOK
ADAM C. STURDIVANT *
J. JOSEPH ROSSI
AMANDA P. NARVAES

* ALSO LICENSED IN OHIO

# DREW COOPER & ANDING
### ATTORNEYS AND COUNSELORS

ALDRICH PLACE, SUITE 200
80 OTTAWA AVENUE, N.W.
GRAND RAPIDS, MICHIGAN 49503-6205

OF COUNSEL
ANN M. COOPER
BRIDGET C. KEHOE

TELEPHONE
(616) 454-8300

FACSIMILE
(616) 454-0036

April 29, 2016

*VIA EMAIL/FIRST CLASS MAIL*

Laura Baucus
Dykema Gossett PLLC
39577 Woodward Avenue, Ste. 300
Bloomfield Hills, MI 48304

> RE:   **Bruce and Barbara Craigie v. Nationstar Mortgage, LLC, et al**
>       Case No. 1:15-cv-00441; Our File No. 3378-01

Laura,

As you know, on Tuesday, April 26th Plaintiffs took the Rule 30(b)(6) deposition of Nationstar Mortgage, LLC ("Nationstar") in the above-captioned case. I write to address some of the issues raised during that deposition which Plaintiffs believe warrant further action from Nationstar and/or relief from the Court.

## Relevant, Responsive Documents Never Produced by Nationstar

### A. Document Systems.

The testimony of Aaryn Richardson confirmed that a large number of documents responsive to Plaintiffs' discovery requests and relevant to the case have not been produced by Nationstar. Mr. Richardson testified that, apart from the LSAMS system from which Nationstar produced the Servicing Notes for the Lake Drive and Scenic Drive properties, at least four (4) other document systems exist which contain relevant, responsive information about the Lake Drive and Scenic Drive loans for the relevant time period: (1) GameChangers; (2) Remedy; (3) LPS and (4) Filenet. This information should have been produced pursuant to Plaintiffs' First Set of Discovery Requests, served on August 11, 2015; specifically Requests for Production of Documents 3, 4 and 5. Plaintiffs intend to file a motion to compel production of this information if it is not voluntarily produced immediately.

Laura Baucus
Page 2
April 29, 2016

### B.  Individual Documents.

In response to Plaintiffs' discovery requests, Nationstar has not produced any of the following: (1) HAMP Foreclosure Certification forms, including the one marked as Exhibit 43; (2) an August 19, 2013 email to Nationstar employee SHUNNECOOK (see Ex. 40 at 57); (3) a September 24, 2013 email to Nationstar employee NJOHNSON (see Ex. 40 at 59); (4) OCC Checklists prepared by Nationstar employees; or (5) Foreclosure OCC Reviews prepared by Nationstar employees.  These are also responsive to Plaintiffs' August 11, 2015 requests numbered 3, 4, 5 and/or 7, as well as Plaintiffs' December 21, 2015 Request No. 2.  Plaintiffs demand immediate production of each of these documents.

### C.  "Privileged" Documents Withheld without Submission of a Privilege Log.

Mr. Richardson indicated that his preparation for the deposition included reviewing records from Nationstar's LPS system relating to the Craigie loans and foreclosure.  When questioned regarding basic information about the LPS system, Mr. Richardson was instructed by counsel not to answer the questions on the basis of attorney-client privilege.  No LPS documents have been produced in this litigation.  Yet Nationstar has not produced a privilege log indicating that such documents are being withheld on the basis of privilege.  Plaintiffs demand that the LPS entries for the Craigie loans be produced; or if they continue to be withheld or are produced redacted, that they be identified with particularity on a privilege log along with Nationstar's rationale(s) for withholding them.  Plaintiffs demand that each and every document Nationstar has withheld from production on the basis of any privilege or discovery protection be listed on such a privilege log.

### D.  Nationstar's Relevant Policy and Procedure Documents.

Tuesday's testimony indicated that specific Nationstar policy and procedure documents existed during the 2013-2014 time frame with respect to the type of loan modifications Plaintiffs sought: the BoNY Trial Period Modification program (also known as a Standard Modification) and the HAMP modification program.  Mr. Richardson did not have detailed knowledge of the provisions of those documents. Thus, Plaintiffs renew their demand that Nationstar produce these specific policy and procedure documents.

Laura Baucus
Page 3
April 29, 2016

**Nationstar's False and Misleading Representations and Testimony Regarding Documents**

Nationstar has taken a series of steps to obscure both the existence of highly relevant documents, and the efforts it undertook to produce documents to Plaintiffs. Nationstar has falsely maintained that certain relevant documents, such as HAMP Foreclosure Certifications, OCC Checklists and Affidavits among others, are not even documents.   After substantial equivocal and misleading testimony suggesting otherwise, Mr. Richardson ultimately was forced to admit that these contentions were false.   Recall that Nationstar was required by the court to certify in an affidavit that these items were not documents and to certify its efforts to produce responsive documents, and did so via an affidavit of Fay Janati on April 13, 2016.  Ms. Janati did not describe the "reasonable" search conducted by Nationstar for the responsive documents, which databases or files (if any) were searched, or which individuals were consulted.   Nationstar maintained on the basis of a "reasonable" search that the documents sought by Plaintiffs are not documents at all.   In short, Ms. Janati's declaration appears to have been calculated to mislead Plaintiffs and the Court. Plaintiffs have been substantially prejudiced by Nationstar's recalcitrance and intend to seek recourse in the form of: (1) an expanded discovery period; (2) monetary sanctions; and/or (3) adverse evidentiary inferences against Nationstar.

**Nationstar's Refusal to Produce a Witness Prepared to Discuss Notice Topics and Obstruction of Testimony**

Plaintiffs were clear in objecting to Nationstar's apparent refusal to produce a properly prepared witness for the Rule 30(b)(6) deposition.   Without reiterating what has already been stated, Plaintiffs specifically believe Nationstar improperly failed to produce a witness prepared to discuss either: (1) Nationstar's document retention policies and procedures; and (2) Nationstar's efforts to produce documents responsive to Plaintiffs' requests in this litigation.  Mr. Richardson did not do anything to prepare to testify regarding these topics, and he was unable to adequately speak from his personal knowledge.

Further, on numerous occasions, counsel instructed Mr. Richardson not to answer questions where the answers were within his personal knowledge and no cognizable privilege was being asserted.  These instances included the following:

- An instruction not to answer regarding the length of the witness's conversations with counsel;

Laura Baucus
Page 4
April 29, 2016

- An instruction not to answer regarding entries in the Servicing Notes marked as Exhibit 40;
- An instruction not to answer regarding information from the LPS system which the witness reviewed and relied upon in preparing for the deposition;
- Numerous instructions not to answer questions regarding the general types of information contained in the LPS system and how that system is used internally at Nationstar;
- An instruction not to answer based on an "asked-and-answered" objection; and
- Instructions not to answer regarding information about Nationstar's participation in MHA and HAMP which was personally known to the witness.

Each of these instructions was improper and obstructed Plaintiffs' ability to obtain evidence from the witness. Plaintiffs intend to request relief from the Court in the form of an individual deposition of Mr. Richardson, as well as a continued Rule 30(b)(6) deposition to address the topics as to which Mr. Richardson was inadequately prepared to testify on Nationstar's behalf, to be conducted at Nationstar's expense.

<u>Conclusion</u>

Plaintiffs intend to seek any and all available relief based on the foregoing issues. Please contact me by Tuesday, May 3, 2016 if you would like to discuss resolution of any of these issues without resorting to motion practice.

Best regards,

DREW, COOPER & ANDING

Theodore J. Westbrook

/lmg
cc:    Elisa J. Lintemuth (via email)

I:\JEATeam\3378-01\CORR\Baucus_2016.04.29(135.120)