UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRUCE CRAIGIE, an individual, and BARBARA CRAIGIE, an individual,<br><br>  Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company, and JOHN DOES 1-5, unnamed individuals,<br><br>  Defendants. | Case No. 1:15-cv-441<br><br>Hon. Janet T. Neff |

| | |
|---|---|
| Theodore J. Westbrook (P70834)<br>**Westbrook Law PLLC**<br>Attorney for Plaintiff<br>PO Box 120125<br>Grand Rapids, MI 49528<br>(616) 706-5618<br><br>Amanda P. Narvaes (P74957)<br>**Drew, Cooper & Anding, P.C.**<br>Attorney for Plaintiffs<br>Aldrich Place, Suite 200<br>80 Ottawa Ave. NW<br>Grand Rapids, MI 49503<br>(616) 454-8300 | Laura C. Baucus (P56932)<br>Jong-Ju Chang (P70584)<br>Elisa J. Lintemuth (P74498)<br>**Dykema Gossett PLLC**<br>Attorneys for Nationstar Mortgage LLC<br>300 Ottawa Ave. NW, Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO NATIONSTAR MORTGAGE, LLC'S MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

Defendant Nationstar Mortgage, LLC ("Nationstar") continues to use every means available to delay progress in this case and prejudice Plaintiffs' ability to prosecute their claims. Now, after having been <u>ordered by this Court</u> to produce specific withheld information as of a date certain, after having availed itself of <u>two</u> extensions granted by Plaintiffs for that production, and after having <u>twice stipulated</u> to the production of the information without any mention of restrictions, Nationstar makes a naked assertion that information from its "Remedy" electronic document system that pertains specifically to Plaintiffs' loan accounts is somehow "confidential," "proprietary" and "trade secret," and subject to protective order. To be clear, Nationstar is <u>presently in violation of this Court's Order</u> of June 20, 2016 (ECF No. 105), because it has willfully refused to produce the Remedy information it was ordered to produce. The Court would be justified in finding Nationstar in contempt. Plaintiffs ask only that Nationstar's Motion be denied and that costs be taxed to Nationstar pursuant to Rules 26(c)(3) and 37(a)(5).

## RELEVANT PROCEDURAL HISTORY

**I.   The Court Orders Nationstar to Produce the Remedy Documents within 30 Days; Nationstar Instead Files a Motion for Protective Order 44 Days Later.**

Plaintiffs learned at the April 26, 2016 Rule 30(b)(6) deposition of Nationstar that Nationstar had withheld from production—without listing on any privilege log—each and every document contained in one of its electronic records systems, known as "Remedy." (*See* ECF No. 71, PageID.349-351.) Nationstar refused to supplement its production to include the Remedy documents, and Plaintiffs filed a Motion to Enforce Discovery Orders, to Compel Discovery, and for Sanctions on May 10, 2016. (ECF No. 70, ECF No. 71, "Motion to Compel.")

1

Nationstar opposed Plaintiffs' Motion to Compel, claiming in relevant part that the Remedy information was duplicative or irrelevant.[1] (ECF No. 79, ECF No. 104.) Although it claimed that its loss mitigation policy and procedure documents were proprietary and confidential, Nationstar did not claim that any of the Remedy information was confidential. (*Id.*) It never asked the Court to impose protections on the production of Remedy information. (*Id.*) On June 20, 2016, the Court unambiguously ordered Nationstar to produce <u>all</u> responsive documents and information from the Remedy system:

> IT IS FURTHER ORDERED that Plaintiff's motion is granted insofar as for the two loans at issue in the case, Defendant Nationstar Mortgage, LLC will provide responsive information from the Remedy system within 30 days of the date of this order.

(ECF No. 105.) The Court did not place any restrictions on the production or impose any confidentiality terms. (*Id.*) Nationstar did not seek clarification or amendment of the Order and did not object to it. Nationstar's production was due on July 20, 2016.

Nationstar requested on June 22, 2016 that Plaintiffs agree to a stipulated protective order relating to the Remedy information. Nationstar indicated for the first time its view that screen shots of the commercially available Remedy software were proprietary to Nationstar. Nationstar provided no explanation for how this information could be proprietary, confidential or trade secret; nor did it explain its failure to assert this confidentiality prior to entry of the Court's Order. For these reasons, and because the draft stipulated protective order that Nationstar was otherwise unacceptable in its terms, Plaintiffs did not concur. After June 29, 2016, Nationstar never again

---

[1] As for its claim that the Remedy information was duplicative of prior productions, this proved to be false when Nationstar produced approximately 2,600 pages of responsive documents from Remedy on August 3, 2016—dwarfing all of its prior productions totaling less than 1,000 pages.

2

mentioned its desire to put a protective order in place until the day its present Motion was filed. (*See* ECF No. 117, Certificate Regarding Concurrence ¶ 1.)

Nationstar availed itself of two extensions for production of the Remedy information subsequent to June 29, 2016. Both times, Nationstar stipulated that the Remedy information would be produced, <u>without qualification</u>:

- "Nationstar will provide responsive information from the Remedy system and a privilege log for any documents from the LPS system for which a privilege is being claimed on or before July 27, 2016." [ECF No. 107, PageID.816, Stip. Order for Seven-Day Extension of Supp. Disc. Prod. Ordered by the Court];

- "Nationstar will provide responsive information from the Remedy system and a privilege log for any documents from the LPS system for which a privilege is being claimed on or before August 3, 2016." [ECF No. 114, PageID.870, Stip. Order for Seven-Day Extension of Supp. Doc. Production by Nationstar].

The Court signed these stipulated orders. (ECF No. 107; ECF No. 114.) Nationstar did not seek to amend these stipulated orders at any time.

On August 3, 2016, the day its production was due, <u>44 days</u> after being ordered by this Court to produce the Remedy documents, more than 30 days after its last indication that any of the Remedy information could be proprietary or confidential,[2] and one and two weeks after entry of the stipulated orders agreeing to and requiring the production, Nationstar filed its present

---

[2] This delay by Nationstar led Plaintiffs to believe that the requested protective order was not sufficiently important to Nationstar to merit filing a motion. Plaintiffs thus believed as of August 3, 2016 that Nationstar would produce <u>all</u> responsive Remedy documents on that date. Nationstar did not do so.

3

Motion seeking entry of a protective order.  (ECF No. 115, ECF No. 116.)  Nationstar did not attach any evidence or affidavits regarding the "proprietary" or "trade secret" nature of the Remedy information to its Motion or Brief.

Nationstar did not produce any of the Remedy "screen shots" which are the purported subject of its Motion on August 3, 2016, and has not produced any of them to date.

## II.  The Proposed Protective Order.

Nationstar attached to its Brief a proposed protective order that would:

- Allow it to retroactively designate previously produced documents, including deposition transcripts, as <u>confidential or privileged</u> at any time (ECF No. 116-1, PageID.881, ¶ II.C, PageID.884, ¶ V.A, PageID.885, ¶ V.B);[3]

- Require Plaintiffs to destroy all "confidential" documents at the conclusion of this case (*id.* at PageID.885, ¶ VI.A);

- Create an "automatic" designation for depositions (*id.* at PageID.881, ¶ II.C); and

- Disallow Plaintiffs, their counsel, and the world at large from utilizing any "confidential" documents in any other lawsuit—including Plaintiffs' pending lawsuit against Nationstar in the Muskegon County Circuit Court (*id.* at PageID.882, ¶ IV.A).[4]

---

[3] The extraordinary "claw back" provision of Paragraph V.B clearly does not relate to the Remedy information that is purportedly the subject of the present Motion, but rather to other, prior productions of documents already made by Nationstar without objection.  In other words, Nationstar hopes to "un-waive" prior waivers of privilege, and attach confidentiality terms to information already released without qualification.  This purpose is mentioned nowhere in Nationstar's Motion or Brief.

[4] Critically, the Muskegon County Circuit Court action has been stayed indefinitely pending discovery in, and the conclusion of, the present case.  This stay was premised on the presumption that discovery obtained in the present case could be used by the parties in the Muskegon County case.

4

None of the foregoing terms of the protective order proposed by Nationstar is mentioned in its Motion or Brief.

## ARGUMENT

I.  **Legal Standard.**

Federal Rule of Civil Procedure 26(c)(1)(G) allows the court to enter, "for good cause," a protective order which requires "that a trade secret or other confidential research, development, or commercial information … be revealed only in a specified way." To show good cause, "a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Graff v. Haverhill North Coke Co.*, 2014 WL 360013, *2 (S.D. Ohio Feb. 3, 2014) (Ex. 1 hereto) (citing *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (Ex. 2 hereto)). The party must "<u>demonstrate</u> that the information qualifies as 'confidential … commercial information' entitled to protection under Rule 26(c)(1)(G). *Id.* (emphasis added, quoting *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010)).

If a motion for protective order is denied, the court must require the movant to pay the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified. Fed. R. Civ. P. 37(a)(5)(B); Fed. R. Civ. P. 26(c)(3).

II. **Nationstar Submitted No Evidence to Support Its Lawyers' Assertion that the Withheld Remedy Information Is Confidential, Proprietary, Trade Secret or Otherwise Protected.**

Nationstar's request for an extraordinary protective order is supported by nothing other than conclusory argument; i.e.:

5

- "The actual Screenprints are confidential and proprietary because they reveal how Nationstar conducts business related to its servicing of loans" (ECF No. 116, PageID.876);
- "Indeed, the Screenprints are confidential and proprietary information as they are screen-shots (pictures) of each category / page from Nationstar's Remedy software system" (*id.*, PageID.877).

Nationstar provided no sworn affidavits regarding the "confidential" or "proprietary" nature of any of the Remedy information, or how the release of such information could pose a competitive disadvantage to or otherwise injure Nationstar. Nationstar also referenced no documents or other evidence indicating that any of the purportedly protected documents are in fact treated as confidential internally at Nationstar. Nationstar neither referenced, nor attached to its Motion or Brief, any employee handbooks or confidentiality agreements. Indeed, because attorney argument is not itself evidence, Nationstar provided no evidentiary support at all for its Motion. Nationstar's Motion must be denied for this reason.

"To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Nix*, 11 F. App'x at 500 (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). Nationstar has not even made a conclusory argument that any of the (thus far unidentified) Remedy information would cause injury to its competitive standing if released. No "specific facts" have been articulated which would support entering a protective order regarding the withheld Remedy information. Nationstar has simply provided this Court with no basis on which to exercise its discretion to enter a protective order, and its Motion must be denied.

**III.    Nationstar's Request for Relief from the Court's June 20, 2016 Order Is Untimely, Prejudicial and Amounts to an Ongoing Violation of the Court's Order.**

The Court ordered Nationstar to produce <u>all</u> of the information regarding Plaintiffs' loans contained in the Remedy system by an Order dated June 20, 2016. (ECF No. 105.) The documents were to be produced 30 days later. (*Id.*) As of today, Nationstar continues to deliberately withhold an undisclosed number of documents that were, and remain, subject to the Court's Order. This is after failing to ever request a protective order in response to Plaintiffs' Motion to Enforce. (ECF No. 70.) Nationstar's dilatory motives in filing the present Motion are patent; had Nationstar wished to minimize the prejudice to Plaintiffs, it could have: (1) briefed the issue in response to Plaintiffs' Motion to Enforce; (2) argued the issue at the hearing on June 15, 2016; or (3) filed its Motion over eight (8) weeks ago, when it first indicated to Plaintiffs that it might seek protection for the Remedy documents. At each arguably timely opportunity, and knowing that it did not intend to produce the Remedy screen captures as ordered by the Court, Nationstar did nothing.

Nationstar's delay tactics are prejudicial to Plaintiffs given the fact that on July 8, 2016, the Court: (1) allowed Nationstar to assert new affirmative defenses, including "equitable mortgage;" and (2) to mitigate some of the prejudice to Plaintiffs of allowing the extraordinarily late amendment, granted Plaintiffs until September 6, 2016 to conduct additional discovery related to that defense. (ECF No. 819.) Plaintiffs are running out of time, and each day Plaintiffs do not have the Remedy information is a day that cannot be used following up in discovery regarding Nationstar's untimely affirmative defense. Plaintiffs request that the Court grant any and all appropriate relief to Plaintiffs under the circumstances, in addition to denying Nationstar's Motion.

### IV.  At Best, Nationstar's Proposed Protective Order Is a Trojan Horse.

Nationstar would have the Court believe that the protective order it seeks relates only to potentially proprietary "screen shots" from a database. In reality, the effect of Nationstar's proposed protective order (ECF No. 116-1) is far broader. It would allow Nationstar to "un-waive" privileges that it previously waived through production of documents, as well as retroactively designate any document, including deposition transcripts, as confidential. (*Id.*, PageID.881, 884.) It would allow Nationstar to prevent <u>any document</u> from being used by Plaintiffs in other litigation, including its case in the Muskegon County Circuit Court in which Nationstar is a defendant. (*Id.*, PageID.882.) It would also require extraordinary destruction of any "confidential" documents at the conclusion of this litigation. In short, Nationstar is attempting to use the allegedly "proprietary" nature of the Remedy screen captures to smuggle extraordinary and highly prejudicial terms into a protective order. The Court should reject this attempt by Nationstar to prejudice Plaintiffs' legal rights.

### V.  Nationstar's Motion Is Not Substantially Justified.

Nationstar has provided no legitimate reason why it is entitled to a protective order, or why it is entitled to defy this Court's June 20, 2016 Order and thereby prejudice Plaintiffs. It is unable to articulate any reasonable basis for the extraordinarily broad and one-sided protective order it has proposed, and clearly that the Motion and accompanying withholding of evidence are intended to delay proceedings and cause unnecessary proliferation of hearings and motions. Under the circumstances, justice demands that Nationstar be ordered to pay Plaintiffs' reasonable costs incurred in opposing Nationstar's Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Nationstar's Motion in its entirety and enter an order assessing fees and costs against Nationstar pursuant to Federal Rule of Civil Procedure 26(c)(3) and 37(a)(5)(B).

Respectfully submitted,

Dated: August 22, 2016

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiffs
PO Box 120125
Grand Rapids, MI 49528
(616) 706-5618
twestbrook@westbrook-law.net

Amanda P. Narvaes
**Drew, Cooper & Anding, P.C.**
Attorney for Plaintiffs
Aldrich Place, Suite 200
80 Ottawa Ave. NW
Grand Rapids, MI 49503
(616) 454-8300
anarvaes@dca-lawyers.com